IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

|  |  |  |
|---|---|---|
| DOUGLAS DUANE SOMERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| VINCENT K. MCMAHON, LINDA E. | ) | |
| MCMAHON, and WORLD | ) | |
| WRESTLING ENTERTAINMENT, | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>NOTICE OF REMOVAL</u>

Defendants Vincent K. McMahon, Linda E. McMahon, and World Wrestling Entertainment, Inc. ("WWE") (collectively, "Defendants") hereby remove the above-captioned case (the "State Court Action") from the Superior Court of the State of Georgia in and for the County of Fulton to the United States District Court for the Northern District of Georgia.  In support thereof, Defendants state as follows:

1.     Defendants exercise their rights under the provisions of 28 U.S.C. §§ 1331, 1367, 1338, 1441, 1446, and 17 U.S.C. § 301(a), the preemption provision of

the Federal Copyright Act of 1976, to remove this case from the Superior Court of the State of Georgia (the "State Court").

2.      28 U.S.C. § 1441(a) provides:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

3.      Plaintiff initiated this civil action in the State Court by filing a Complaint against Defendants on or about November 28, 2011.  The case is now pending under the name and style of *Douglas Duane Somerson v. Vincent K. McMahon, Linda E. McMahon, and World Wrestling Entertainment, Inc.*, Civil Action File No. 2001-cv-208637.  Plaintiff served WWE with a summons and the Complaint on December 8, 2011 through WWE's registered agent in Georgia. Defendants Vincent and Linda McMahon have not been properly served.[1]   In accordance with 28 U.S.C. § 1446(a), attached as Exhibit A are true and correct

---

[1]   Defendants Vincent and Linda McMahon dispute that they are subject to the personal jurisdiction of this Court, and do not voluntarily submit to such jurisdiction by joining in this Notice of Removal.  Defendants Vincent and Linda McMahon reserve the right to file a motion to dismiss all claims against them pursuant to, among other things, Fed. R. Civ. P. 12(b)(2).

copies of the Summons, Complaint and related filings in the State Court, which are incorporated by reference herein and made a part hereof.

4.    As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446 because this Court has subject matter jurisdiction over the case pursuant to the Court's federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338.

5.    Removal of this action is timely under 28 U.S.C. § 1446(b) because this Notice of Removal is being filed within thirty (30) days of service of process on December 8, 2011.

6.    In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal promptly will be given to the Plaintiff, and a true and correct copy of this Notice of Removal promptly will be filed with the clerk of the Superior Court of the State of Georgia in and for the County of Fulton.

I.    **THE COMPLAINT**

7.    Plaintiff Douglas Somerson ("Plaintiff") filed the present action alleging claims for invasion of privacy, unauthorized use of intellectual property,

unjust enrichment, violation of the Georgia Uniform Deceptive Trade Practices Act ("GUDTPA"), violation of Plaintiff's right of publicity, and negligent supervision.

8.      The Complaint alleges that Plaintiff has worked as a professional wrestler under the name and persona of "Pretty Boy" Doug Somers.  Exhibit A, at ¶ 10.  The Complaint does not allege that Plaintiff ever performed for WWE, and admits that he never had an agreement with WWE.  *Id.* at ¶ 17.  Plaintiff alleges that Defendants have released "DVDs, books, dolls, and other commercial products"[2] containing Plaintiff's name and likeness without Plaintiff's permission. *See*, *e.g.*, *id.* at ¶¶ 18-19, 22.  Aside from the bald and unsubstantiated assertion that "books, dolls, and other commercial products" containing Plaintiff's name and likeness were sold by WWE, which is not true, the only specific claim asserted is that WWE sold four DVDs in which his name and likeness allegedly appear.  *See id.* at ¶ 20.

9.      With respect to the invasion of privacy claim, the Complaint alleges that Defendants have not sought or received Plaintiff's permission to use his name and likeness, and that Defendants have appropriated Plaintiff's name and likeness

---

[2] Although the Complaint references "books, dolls, and other commercial products" that "use Mr. Somerson['s] name and likeness," no such WWE merchandise in fact exists.

to his detriment.  For this claim, Plaintiff seeks monetary damages and injunctive relief against all Defendants, with interest, attorneys' fees, and costs.  *See id.* at ¶¶ 31 – 34.

10.    With respect to the unauthorized use of intellectual property claim, Plaintiff alleges that Defendants have used his "Intellectual Property," including "the 'Pretty Boy' Doug Somers persona" in four WWE DVDs, and that Plaintiff has been damaged thereby.  For this claim, Plaintiff seeks monetary damages against WWE, with interest, attorneys' fees, and costs.  *See id.* at ¶¶ 36-37.

11.    With respect to the unjust enrichment claim, Plaintiff alleges that "WWE has never paid royalties" to Plaintiff for sales of WWE DVDs, and that such alleged "failure to compensate Mr. Somerson constitutes unjust enrichment." For this claim, Plaintiff seeks royalties from WWE, with interest, attorneys' fees, and costs.  *See id.* at ¶¶ 39 – 41.

12.    With respect to Plaintiff's claim for violation of GUDTPA, the Complaint alleges that Defendants have violated O.C.G.A. § 10-1-372 by allegedly "misappropriating Mr. Somerson's Likeness and Intellectual Property and profiting therefrom to the loss and detriment of the" Plaintiff.  For this claim, Plaintiff seeks

doubled or trebled monetary damages from all Defendants, with interest, attorneys' fees, and costs.  *See id.* at ¶¶ 43-45.

13.     With respect to Plaintiff's claim for violation of his right of publicity, the Complaint alleges that Defendants have "appropriated Mr. Somerson's name and likeness," and have benefitted therefrom without Plaintiff's permission, which "has caused damage to the commercial value of his persona."  For this claim, Plaintiff seeks monetary damages and injunctive relief against all Defendants, with interest, attorneys' fees, and costs.  *See id* at ¶¶ 47 – 51.

14.     Also alleged is a claim for negligent supervision against Defendants "Vincent and/or Linda McMahon."  Plaintiff bases this claim on allegations that "Vincent and/or Linda McMahon were responsible for supervising the actions of WWE's marketing personnel," and that their "failure to properly supervise caused WWE to tortiously use Mr. Somerson's name that resulted in damage to Mr. Somerson."  For this claim, Plaintiff seeks monetary damages from Vincent and Linda McMahon, with interest, attorneys' fees, and costs.  *See id*. at ¶¶ 53 – 57.

## II.   SUBJECT MATTER JURISDICTION

### A.   This Action is Removable Under the District Court's Federal Question Jurisdiction Pursuant to 28 U.S.C. §§ 1331 and 1338.

15.   This Court has original jurisdiction over the present action pursuant to 28 U.S.C. §§ 1331 and 1338, which provide for the Court's federal question jurisdiction.   Thus, removal to this Court is proper under 28 U.S.C. § 1441(a).

16.   28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Further, pursuant to 28 U.S.C. § 1338, "[t]he district courts have original jurisdiction of any civil action arising under any Act of Congress relating to . . . copyrights."  28 U.S.C. § 1338(a).

17.   While Plaintiff does not allege federal claims, his state law claims for invasion of privacy, unauthorized use of intellectual property, violation of GUDTPA, and violation of his right of publicity are completely preempted by federal copyright law and therefore "arise under" federal law for purposes of federal question jurisdiction.  *See Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 24 (1983) ("[I]f a federal cause of action completely preempts a state cause of action any complaint that comes within the scope of the federal

cause of action necessarily 'arises under' federal law."); *Stuart Weitzman, LLC v. Microcomputer Res., Inc.*, 542 F.3d 859, 864 n.4 (11th Cir. 2008), *quoting Geddes v. Am. Airlines, Inc.*, 321 F.3d 1349, 1352-53 (11th Cir. 2003) (Complete preemption "'transforms the state claim into one arising under federal law, thus creating the federal question jurisdiction requisite to removal to federal courts.'").

18.    Section 301(a) of the Copyright Act provides for federal preemption of any state common law or statutory claim that is "equivalent to any of the exclusive rights within the general scope of copyright."  17 U.S.C. § 301(a).  The statute establishes a two-part test for determining whether a state law claim is preempted.  "Preemption occurs if the rights at issue (1) fall within the subject matter of copyright . . .and (2) are equivalent to the exclusive rights of section 106" of the Copyright Act.  *Lipscher v. LRP Publ'ns, Inc.*, 266 F.3d 1305, 1311 (11th Cir. 2001) (internal quotes and citations omitted).  In other words, "state law rights that may be abridged by an act which, in and of itself, would infringe one of the exclusive rights provided by federal copyright law" such as "the right to reproduce the copyrighted work, to prepare derivative works, and to distribute copies to the public" are preempted by § 301(a).  *Id.* (internal quotes and citations omitted).

19.   State law claims that are preempted by the § 301 of the Copyright Act are completely preempted such that federal subject matter jurisdiction exists over those claims.  *See*, *e.g.*, *Ritchie v. Williams*, 395 F.3d 283, 285-87 (6th Cir. 2005); *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 303-05 (2d Cir. 2004); *Rosciszewski v. Arete Assocs., Inc.*, 1 F.3d 225, 230-33 (4th Cir. 1993).  *See also Dunlap v. G&L Holding Group Inc.*, 381 F.3d 1285 (11th Cir. 2004) (suggesting that claims preempted by copyright law would be completely preempted for purposes of federal question jurisdiction and removal); *Utopia Provider Sys., Inc. v. Pro-Med Clinical Sys.*, L.L.C., 596 F.3d 1313 (11th Cir. 2010) (same); *Stuart Weitzman, LLC*, 542 F.3d at 864 (noting numerous circuit court decisions holding that state law claims preempted by the Copyright Act are completely preempted such that federal subject matter jurisdiction exists).

20.    In this case, Plaintiff is seeking to interfere with WWE's exercise of its exclusive rights under Section 106 of the Copyright Act with respect to WWE DVDs that allegedly contain footage of Plaintiff performing as "Pretty Boy" Doug Somers.  This footage was created with Plaintiff's authorization, and is thus the subject of a valid copyright.  *See* 17 U.S.C. § 101 (a work is "fixed" for the purposes of copyright protection where it is embodied in a tangible medium "by or under the authority of the author").   WWE purchased this copyrighted footage,

along with all intellectual property rights associated with it, from Wrestling Entertainment Worldwide, LLC in January of 2003. WWE, therefore, is the sole owner of the copyrights in this footage, and Plaintiff's state law claims involve nothing more than an attempt to prevent WWE from exercising its exclusive rights under § 106 of the Copyright Act. Such claims are completely preempted by federal copyright law.

21.     Courts consistently hold that where, as here, a plaintiff consents to being filmed only to later bring state law claims for invasion of privacy through misappropriation of name and likeness, violations of rights of publicity, or unauthorized use of intellectual property against a defendant who is doing no more than reproducing and distributing the Defendant's lawfully owned copyrighted works, the plaintiff's claims are preempted the Copyright Act. *See, e.g., Jules Jordan Video, Inc. v. 144942 Canada, Inc.*, 617 F.3d 1146, 1155 (9th Cir. 2010); (essence of performer's right of publicity claim was that "defendants reproduced and distributed the DVDs without authorization," and thus, claim was preempted by the Copyright Act); *Baltimore Orioles, Inc. v. MLB Players Assoc.*, 805 F.2d 663 (7th Cir. 1986) (players' right of publicity claims preempted where they consented to the fixation of their performances in a copyrightable form); *Stanford v. Caesars Entm't, Inc.*, 430 F.Supp.2d 749 (W.D. Tenn. 2006) (removal

appropriate where claims for right of publicity and misappropriation of name and likeness were preempted due to plaintiff's voluntary participation in defendant's copyrighted advertisements); *Armstrong v. Eagle Rock Entm't*, 655 F.Supp.2d 779 (E.D. Mich. 2009) (musician's claim for misappropriation of name and likeness based on the use of his performance in DVD preempted by the Copyright Act); *Fleet v. CBS, Inc.*, 50 Cal.App.4th 1911, 1925 (Cal. App. Ct. 1996) (actor's right of publicity claim brought after participating in film production "subsumed by copyright law and preempted").   Indeed, WWE has previously succeeded in foreclosing such baseless and preempted claims by prior Plaintiffs seeking to interfere with WWE's exclusive copyrights.  *See*, *e.g.*, *Blood v. Titan Sports Inc.*, No. 3-94-CV-307 P, at p. 19 (W.D.N.C. May 13, 1997) (granting summary judgment in favor of WWE because wrestler's state law claims for misappropriation of name and likeness in violation of his right of publicity, invasion of privacy, unfair trade practices, unfair competition, and unjust enrichment were preempted by the Copyright Act which governed videocassette tapes at issue).

22.  Plaintiff's GUDTPA claim is also preempted by the Copyright Act because it is based on a "reverse passing off" theory of unfair competition. Reverse passing off "occurs when the defendant 'misrepresents [the plaintiff's]

11

goods or services as his own.'" *PHA Lighting Design, Inc. v. Kosheluk*, No. 1:08-cv-01208-JOF, 2010 WL 13128754, at *4 (N.D. Ga. Mar. 30, 2010), *quoting Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 27 n.1 (2003). In this case, Plaintiff is alleging that Defendants' sales of DVDs containing Plaintiff's performances violate GUDTPA by "misappropriating Mr. Somerson's Likeness and Intellectual Property and profiting therefrom." Exhibit A, at ¶ 44. Such a claim is completely preempted by § 301(a) of the Copyright Act. *See Lipscher*, 266 F.3d at 1310 (noting district court's holding that Copyright Act preempted claims for "reverse passing off"); *Original Appalachian Artworks, Inc. v. Topps Chewing Gum, Inc.*, 642 F.Supp. 1031, 1039 (N.D. Ga. 1986) ("Plaintiff asserts various violations of Georgia common and statutory law specifically under the Georgia Uniform Deceptive Trade Practices Act . . . To the extent that [Plaintiff] asserts rights equivalent to those encompassed by federal copyright law, its claim is preempted by 17 U.S.C. § 301(a)."); *Scranton Times, L.P. v. Wilkes-Barre Publ'g Co.*, No. 3:08-cv-2135, 2009 WL 585502, at *5 (W.D. Pa. Mar. 6, 2009) (removal appropriate where "unfair competition claims alleging 'reverse passing off' are preempted by the Copyright Act . . ."); *Integrative Nutrition, Inc. v. Academy of Healing Nutrition*, 476 F.Supp.2d 291, 297 (S.D.N.Y. 2007) (removal

12

appropriate where "plaintiff's unfair competition claim is predicated on a theory of reverse passing off" and is preempted by copyright law).

23.    On the basis of the above, this Court has jurisdiction over the present action pursuant to its federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338, and thus, removal to this Court is proper.

24.    To the extent that the Court ultimately determines that some portion of Plaintiff's claims do not arise under federal law for the purpose of removal, the Court should exercise its supplemental jurisdiction over such claims pursuant to 28 U.S.C. § 1367, as those claims form part of the same case or controversy under Article III of the United States Constitution. *See City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 165 (1997), *quoting* 28 U.S.C. § 1367(a) ("[O]nce the case was removed, the District Court had original jurisdiction over [Defendant's] claims arising under federal law, and thus could exercise supplemental jurisdiction over the accompanying state law claims so long as those claims constitute "other claims that ... form part of the same case or controversy.").

25.    Defendants intend to preserve all of their rights and defenses.

WHEREFORE, Defendants hereby give notice that the State Court Action is hereby removed to this Court.

This 5th day of January, 2012.

Respectfully submitted,

/s/ Cheralynn M. Gregoire
Otto F. Feil
Georgia Bar No. 257288
*ofeil@tfhlegal.com*
Cheralynn M. Gregoire
Georgia Bar No. 309760
*cgregoire@tfhlegal.com*
TAYLOR, FEIL, HARPER, LUMSDEN &
      HESS, P.C.
3340 Peachtree Road NE, Suite 250
Atlanta, Georgia  30326
Telephone:   (404) 214-1200
Facsimile:   (404) 214-1201

**Of Counsel:**
Jerry S. McDevitt
*Jerry.mcdevitt@klgates.com*
Curtis B. Krasik
*curtis.krasik@klgates.com*
Christopher M. Verdini
*christopher.verdini@klgates.com*
K&L GATES LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, Pennsylvania  15222
Telephone:   (412) 355-6500
Facsimile:   (412) 355-6501
*ATTORNEYS FOR DEFENDANTS*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| DOUGLAS DUANE SOMERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| VINCENT K. MCMAHON, LINDA E. | ) | |
| MCMAHON, and WORLD | ) | |
| WRESTLING ENTERTAINMENT, | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 5, 2012, I electronically filed the foregoing

**Notice of Removal** with the Clerk of Court using the CM/ECF system, which will

automatically send email notification of such filing to the following attorney of

record:

> Edward Mark Gilgor, Esq.
> P.O. Box 17505
> Atlanta, GA  30316
>  edward.gilgor@gmail.com
> *Attorney for Plaintiff*

I further  hereby certify that I have also mailed Edward Mark Gilgor, Esq. a true and correct copy of the foregoing **Notice of Removal** via U.S. Mail, First Class addressed to him at the address set forth above.

    This 5th day of January, 2012.


                                        /s/ Cheralynn M. Gregoire
                                        *Attorney for Defendants*