IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DOUGLAS DUANE SOMERSON,          )
                                 )
              Plaintiff,          )    C.A. No. 1:12-cv-00043-MHS
                                 )
              v.                  )
                                 )
VINCENT K. MCMAHON, LINDA E.      )
MCMAHON, and WORLD               )
WRESTLING ENTERTAINMENT,          )
INC.,                            )
                                 )
              Defendants.         )

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS BY
DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC.**

Defendant World Wrestling Entertainment, Inc. ("WWE") respectfully submits this Memorandum of Law in support of its Motion to Dismiss all claims asserted against it by Douglas Somerson ("Plaintiff") pursuant to Fed. R. Civ. P. 12(b)(6).

To avoid burdening the Court with duplicative filings, WWE incorporates herein by reference the "Introduction" set forth in the Memorandum of Law in Support of the Motion to Dismiss by Defendants Vincent K. and Linda E. McMahon, filed concurrently herewith.

## I.  <u>THE COMPLAINT</u>

The gravamen of Plaintiff's Complaint is a meritless challenge to WWE's right to use Plaintiff's name and likeness in WWE's copyrighted works containing recordings of his performances as "Pretty Boy" Doug Somers during his time as an American Wrestling Association ("AWA") wrestler.   Plaintiff's claims are predicated on the erroneous legal conclusions that Plaintiff has the "sole legal right" to his name and likeness, *see* Complaint, ¶¶ 31, 47, that WWE has "repeatedly appropriated Mr. Somerson's name and likeness" through WWE's distribution of DVDs containing his performance, *id.* at ¶¶ 33, 48, and that WWE has "no right to do so." *Id.* at ¶ 22.  Such legal conclusions are not to be given the assumption of truth, but rather, are to be disregarded by the Court in determining whether the Plaintiff has sufficiently stated claims for which relief may be granted. *See Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

As demonstrated herein, the claims asserting that WWE wrongfully used Somerson's name and likeness contained in WWE's copyrighted works[1] fail for

---

[1]      Plaintiff alleges that Defendants have also released "books, dolls, and other commercial products" containing Plaintiff's name and likeness.  Complaint, ¶ 19. This "naked assertion," backed by no factual enhancement concerning the alleged "books, dolls, and other merchandise" to which Plaintiff refers, is not entitled to the assumption of truth under *Twombly* and *Iqbal*.  Moreover, with the sole

numerous reasons, not the least of which is that Plaintiff's consent to the recordation of his performances while in the AWA is dispositive.  WWE requires no further consent to exploit its ownership of copyrighted works depicting Plaintiff's AWA performances.   Accordingly, WWE requests that this Court dismiss the Complaint in its entirety with prejudice.

## II. **ARGUMENT**

### A.   **Motion to Dismiss Standard**

A plaintiff's factual allegations must be sufficient "to state a claim to relief that is plausible on its face," so that groundless claims that do not entitle a party to relief can "be exposed at the point of minimum expenditure of time and money by the parties and the court."   *Twombly*, 550 U.S. at 558, 570 (quote and citation omitted).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *see also Iqbal*, 129 S. Ct.

---

exception of a book about Shawn Michaels entitled "*Heartbreak & Triumph, the Shawn Michaels Story,*" containing a handful of textual references to Plaintiff's name in the context of describing Michaels' wrestling career, which are fully protected by the First Amendment and otherwise not actionable for the reasons described herein, Defendants are unaware of any such items.   Accordingly, Defendants request that Plaintiff be required to provide a more definite statement specifying exactly what products he contends contain his name and likeness. *See* Fed. R. Civ. P. 12 (e).

at 1949.   Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a motion to dismiss.  *Iqbal*, 129 S. Ct. at 1949.   "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"   *Id.*, *quoting Twombly*, 550 U.S. at 557.  The Court is not to give any weight to conclusions pled in a complaint, which are "not entitled to the assumption of truth." *Id.* at 1951.

Where, as here, the pendency of an action has the potential to chill the exercise of First Amendment rights, such claims are particularly subject to more exacting scrutiny early in the proceedings.  *See Flowers v. Carville*, 310 F.3d 1118, 1130 (9th Cir. 2002) (Where a plaintiff seeks damages "for conduct which is prima facie protected by the First Amendment, the danger that the mere pendency of the action will chill the exercise of First Amendment rights requires more specific allegations than would otherwise be required.") (quote and citation omitted).[2]

---

[2]     The First Amendment protects not only written or spoken words, but also other media of expression, including music, pictures, films, and photographs. *See Hurley v. Irish-Am. Gay, Lesbian and Bisexual Group of Boston*, 515 U.S. 557, 569 (1995); *see also Zacchini v. Scripps-Howard Broad. Co.*, 433 U.S. 562, 578 (1977) ("There is no doubt that entertainment, as well as news, enjoys First Amendment protection."); *Thoroughbred Legends, LLC v. The Walt Disney Co.*, No. 1:07-CV-1275-BBM, 2008 WL 616253, at *11 (N.D. Ga. Feb. 12, 2008) (protection for matters of public interest is not limited to "news stories," but is "warranted regardless of whether defendant's purpose in publication was to inform or to entertain.").

Plaintiff's Complaint does not come close to meeting this pleading standard. Conclusory allegations and slavish recitations of the law, with no meaningful factual enhancement, dominate the Complaint. Such allegations should be fully disregarded by this Court under the standards articulated by the Supreme Court in *Twombly* and *Iqbal*. Further, the Complaint is rife with First Amendment problems driven by Plaintiff's erroneous view that he alone is permitted to use his name and likeness. Insofar as the First Amendment is concerned, it is noteworthy that there is not a single allegation that WWE ever published a single falsity about Somerson, and First Amendment protections are not lost unless speech involves falsity and reckless disregard for truth. WWE has the same First Amendment right to publish the story of Shawn Michaels, which may include information about Plaintiff, as a program like "60 Minutes," and in telling that story, may certainly use its own copyrighted works. Applying these governing standards, Plaintiff's Complaint should be dismissed in its entirety with prejudice.[3]

## B.   **Plaintiff's Privacy and Publicity Claims Fail as a Matter of Law.**

Plaintiff attempts to dispute WWE's right to use Plaintiff's name and

---

[3]   WWE's Motion and Memorandum address only the counts in the Complaint against WWE and all Defendants. Plaintiff's Complaint includes an additional count against only the McMahons, which is addressed in the McMahons' individual Motion and Memorandum.

likeness in WWE's copyrighted works containing recordings of his AWA performances by a right of publicity count and an invasion of privacy count. Georgia law regarding rights of publicity arose out of a recognized right to privacy,[4] and although there exist separate causes of action for each, "[t]here is no substantive difference between the interests protected by the common law 'right of publicity' and the interests protected by the appropriation prong of the invasion of privacy tort.'" *Thoroughbred Legends, LLC v. The Walt Disney Co.*, No. 1:07-CV-1275-BBM, 2008 WL 616253, at *11 n.13 (N.D. Ga. Feb. 12, 2008), *citing Martin Luther King, Jr., Ctr. for Social Change, Inc. v. Am. Heritage Prods., Inc.*, 296 S.E. 2d 697, 703 (Ga. 1982).  Rather, the difference lies only in whether the claim is brought by a private citizen or a public figure.  *See id*.

Because the Complaint arises out of the sale and distribution of videos to the public that contain Somerson's name and likeness, the only privacy claim potentially at issue is misappropriation, which in actuality is an alleged violation of

---

[4]    Under Georgia law, "the concept of invasion of privacy encompasses four loosely related but distinct torts, as follows:  a) intrusion upon the plaintiff's seclusion or solitude, or into his private affairs; b) public disclosure of embarrassing private facts about the plaintiff; c) publicity which places the plaintiff in a false light in the public eye; and, d) appropriation for the defendant's advantage, [] of the plaintiff's name and likeness." *Lucas v. Fox News Network, LLC*, No. 00-14519, 2001 WL 100181, at *2 (11th Cir. Jan. 16, 2001).  Plaintiff's Complaint alleges only the fourth type of invasion of privacy:  misappropriation of Plaintiff's name and likeness.

Somerson's right of publicity. *See Thoroughbred Legends*, 2008 WL 616253, at *11, n.13 (where the plaintiffs' allegations related to their claim for invasion of privacy suggested that they were public figures, the claim was really one for violation of the right of publicity, and the court looks to cases discussing either misappropriation or violation of the right of publicity).   Here, Plaintiff clearly alleges that he is a public figure.  *See*, *e.g.*, Complaint, ¶¶ 8, 16 (Plaintiff "is a highly successful professional wrestler and entertainer" whose "persona of 'Pretty Boy' Doug Somers is known and loved world wide by Professional Wrestling fans.").  Therefore, there is no discernible difference between Plaintiff's claims for invasion of privacy and right of publicity, and WWE addresses the claims together.

### 1.   Plaintiff Has Failed to State Claims for Invasion of Privacy or Violation of his Right of Publicity Under *Twombly* and *Iqbal*

As noted above, the legal conclusions upon which Plaintiff's right of publicity and invasion of privacy claims are based should be disregarded by the Court under *Twombly* and *Iqbal*.  Both counts are based on the incorrect legal conclusion that Plaintiff has the "sole legal right" to his name and likeness.  *See* Complaint, ¶¶ 31, 47.  Both counts then generically allege the conclusion that WWE has "repeatedly appropriated Mr. Somerson's name and likeness" through their distribution of DVDs containing his performances.  *See id.* at ¶¶ 33, 48.

However, both claims involve misappropriation doctrines that collapse when <u>the person has consented to being recorded</u>.  As noted above, Plaintiff originally consented to the recordation of his AWA performances.  WWE later obtained ownership of these copyrighted works, and no further consent is required for WWE to exploit its copyrights.  Federal copyright law expressly grants WWE the exclusive right to publish and create derivative works from these recordings.  17 U.S.C. § 106.

### 2.   <u>Plaintiff Has Failed to State a Claim for Invasion of Privacy</u>

Plaintiff alleges that WWE's use of his name and likeness in WWE's copyrighted material constitutes an invasion of his privacy.   However, the only alleged use of Plaintiff's name and likeness involves his public wrestling activities.  Plaintiff cannot perform in public, consent to being recorded while doing so, and then claim that distribution of copyrighted materials containing his public performances violates his right to privacy.  *See Lucas,* 2001 WL 100181 at *2 (dismissing plaintiff's invasion of privacy claims because defendant's actions all dealt with plaintiff's public activities); *Toffoloni v. LFP Publ'g Group*, 572 F.3d 1201, 1207 (11th Cir. 2009) ("the right of publicity does not attach to that which is 'open to public observation.'") (citation omitted).   Therefore, as the cause of action's title suggests, Plaintiff's failure to allege a violation of anything *private* is

fatal to his claim, which must be dismissed.  *See Lucas*, 2001 WL 100181 at *2 (plaintiffs' activities were "matters of public interest, whether the purpose of publishing those activities is to inform or entertain.  As such, plaintiffs have failed to state a cause of action for invasion of privacy.").

### 3.   Plaintiff's Invasion of Privacy and Right of Publicity Claims Fail Because WWE's Copyrighted Works are Protected by the First Amendment

Over 100 years ago, the Georgia Supreme Court recognized that the freedoms of speech afforded by the U.S. and Georgia state Constitutions trump an individual's right to privacy or publicity "so long as the truth is adhered to" regarding "all matters of a public nature, as well as matters of a private nature in which the public has a legitimate interest."  *Pasevich*, 50 S.E. 68, 73-74 (Ga. 1905).  At that time, the court made clear that:

> The right of privacy is unquestionably limited by the right to speak and print. . . the law considers that the welfare of the public is better subserved by maintaining the liberty of speech and of the press than by allowing an individual to assert his right of privacy . . .

*Id.* at 74.  A century later, this Court held that a claim for invasion of privacy through appropriation of name and likeness by plaintiffs who were alleged to be public figures was truly a claim for violation of their right of publicity, and that such a claim was prohibited by the First Amendment.   This Court stated:

> "The use of a person's identity primarily for the purpose of communicating information or expressing ideas is not generally actionable as a violation of the person's right of publicity . . . The interest in freedom of expression also extends to use in entertainment and other creative works, including both fiction and nonfiction . . . Similarly, the right of publicity is not infringed by the dissemination of an unauthorized print or broadcast biography . . . The fact that the publisher or other user seeks or is successful in obtaining a commercial advantage from an otherwise permitted use of another's identity does not render the appropriation actionable."

*Thoroughbred Legends*, 2008 WL 616253, at *12, *quoting* Restatement (Third) of Unfair Competition § 47, cmt c.  *See also Toffoloni*, 572 F.3d at 1208 ("where [a] publication is newsworthy, the right of publicity gives way. . .").  This Court's holding in *Thoroughbred Legends* is consistent with the well-settled First Amendment rule that a public figure cannot recover for truthful accounts of his life.  *See, e.g., Time, Inc. v. Hill*, 385 U.S. 374 (1967).  This rule applies whether the truthful account appears in the New York Times or in a WWE DVD.  *See, e.g., Toffoloni*, 572 F.3d at 1209 (biographical article in *Hustler* magazine "certainly falls within the newsworthiness exception" to a person's right of publicity).

Plaintiff's current claims fare no better than those at issue in *Thoroughbred Legends*.  As is evident by the DVDs relied upon in the Complaint,[5] any footage of

---

[5]    Copies of the DVDs, Exhibits B – E, are being manually filed with the Court as part of Defendants' Motions to Dismiss.  *See* WWE's Notice of Manual Filing, filed concurrently herewith.  Footage at issue of Plaintiff's wrestling matches can be found at the following locations:  Exh. B, Disc 1, Ch. 1; Exh. C, Disc 1, Ch. 3,

Plaintiff is used as part of a truthful retelling of past events, which is properly the subject of public interest, and fully protected by the First Amendment.  Therefore, Plaintiff's right of publicity claim must be dismissed.

**C.**     **Plaintiff's Claim for Unauthorized Use of Intellectual Property Fails as A Matter of Law**

In Count II of the Complaint, Plaintiff purports to set forth a claim for "unauthorized use of intellectual property."  It is not clear what cause of action Plaintiff intends to invoke as no such tort exists under Georgia law.  If Plaintiff intends to bring a claim for unauthorized use of the "Pretty Boy" Doug Somers persona, this claim would be identical to the claims for invasion of privacy and violation of his right of publicity, and should be dismissed as set forth herein.

**D.**     **Plaintiff's GUDTPA Claim Fails as a Matter of Law.**

Plaintiff's fourth count alleges a violation of the Georgia Uniform Deceptive

---

Disc 2, Ch. 3, and Disc 2 Extra No. 2; Exh. D, Disc 1, Ch. 5; and Exh. E, Disc 1, Ch. 11.  The Court may consider the DVDs in adjudicating Defendants' Motions to Dismiss because the DVDs are integral to Plaintiff's Complaint.  *See Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F. 3d 1371, 1379, (11th Cir. 2010) ("'In ruling upon a motion to dismiss, the district court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged.'") (citation omitted); *Harris v. Ivax Corp.*, 182 F.3d 799, 802 n. 2 (11th Cir. 1999) ("a document central to the complaint that the defense appends to its motion to dismiss is also properly considered . . .").

Trade Practices Act ("GUDTPA").  Plaintiff's claim under GUDTPA fails as a matter of law for at least two reasons.  First, Plaintiff asks only for monetary damages as relief for Defendants' alleged violation of GUDTPA.  However, "'[i]t is well established that monetary relief is not authorized under [GUDTPA].'"  *Yai v. Progressive Bayside Ins. Co.*, No. 1:08-CV-1369-JOF, 2009 WL 383362, at *8 (N.D. Ga. Feb. 12, 2009), *quoting Akron Pest Control v. Radar Exterminating Co.,* 455 S.E. 2d 601 (Ga. App. Ct. 1995).  Rather, remedies for violations of GUDTPA are "limited to equitable relief."  *See*, *e.g.*, *Alaven Consumer Healthcare, Inc. v. DrFloras, LLC*, No. 1:09-CV-705-TWT, 2010 WL 481205, at *5 (N.D. Ga. Feb. 4, 2010), *aff'd*, 399 Fed. Appx. 545 (11th Cir. 2010).

Second, even if Plaintiff had requested authorized relief in conjunction with his GUDTPA claim, the Complaint contains no well-pled allegations that would support a finding that Defendants had violated GUDTPA.  To the contrary, each and every statement regarding this count is a legal conclusion to which no credit may be given by this court.  *See Twombly*, 550 U.S. at 555; *Iqbal*, 129 S. Ct. at 1949.  Although Plaintiff alleges the legal conclusion that Defendants have violated O.C.G.A. § 10-1-372, the Complaint does not allege any act that would constitute any of the deceptive trade practices listed in that statute.  Instead, the Complaint asserts that the Defendants engaged in unfair and deceptive acts and

practices "by misappropriating Mr. Somerson's Likeness and Intellectual Property and profiting therefrom." Complaint, ¶ 44. Misappropriation of intellectual property is not one of the deceptive trade practices listed in O.C.G.A. § 10-1-372.

**E.     Plaintiff's Claim for Unjust Enrichment Fails As a Matter of Law**

In Count III, Plaintiff brings a claim for unjust enrichment, demanding amounts for royalties purportedly due to him. *See* Complaint, ¶¶ 39 – 41. This claim fails for a number of reasons. As an initial matter, Plaintiff's claim should be dismissed because, under Georgia law, unjust enrichment is not an independent cause of action, but rather an "'alternative theory of recovery if a contract claim fails.'" *Terrill v. Electrolux Home Prods., Inc.*, 753 F. Supp. 2d 1272, 1290 (S.D. Ga. 2010), *quoting Wachovia Ins. Servs., Inc. v. Fallon*, 682 S.E. 2d 657, 665 (Ga. App. Ct.  2009); *Jenkins v. BAC Home Loan Servicing, LP*, No. 7:11-cv-73 (HL), 2011 WL 4543488, *5 (M.D. Ga. Sept. 29, 2011). There is no contract here, as Plaintiff acknowledges in the Complaint. *See* Complaint, ¶ 18. Nor can there be any implied or constructive contract, as would be required to seek relief under a theory of unjust enrichment, as Plaintiff has made clear that there was no contact between Plaintiff and Defendants regarding the DVDs at issue. *See id.* at ¶ 24. Therefore, not only does unjust enrichment not exist as a cause of action under Georgia law, it cannot be a valid form of recovery under the circumstances as pled

in the Complaint.  Accordingly, this Count should be dismissed.  *See Wachovia Ins. Servs.*, 682 S.E. 2d at 665 ("Because [plaintiff] asserts unjust enrichment as a separate tort and not an alternative theory of recovery for a failed contract, this claim fails as a matter of law.").

Moreover, Plaintiff's claim for unjust enrichment fails because unjust enrichment is "premised upon the principle that a party cannot induce, accept, or encourage another to furnish or render something of value to such party and avoid payment for the value received." *Jackson v. Ford*, 555 S.E. 2d 143, 148 (Ga. App. Ct. 2001) (quotation and citation omitted); *Scott v. Mamari Corp.*, 530 S.E.2d 208, 212 (Ga. App. Ct. 2000).  Thus, "[f]or unjust enrichment to apply, the party conferring the labor and things of value must act with the expectation that the other will be responsible for the cost.  Otherwise, that party . . . has no right to an equitable recovery." *Morris v. Britt*, 620 S.E. 2d 422, 424 (Ga. App. Ct. 2005) (quote and citation omitted).

In the Complaint, however, Plaintiff makes every effort to convey the point that Defendants had no contact with him whatsoever.  *See* Complaint, ¶ 24. Clearly, then, Defendants could not have "induce[d]" or "encourage[d]" Plaintiff to do anything, and Plaintiff does not allege that they did.  Further, at the time Plaintiff engaged in wrestling performances for AWA, he could not possibly have

expected that Defendants here would pay him royalties.  Not surprisingly, no such assertion is made in the Complaint.  Rather, Plaintiff's reasonable expectation would have been that any compensation would come from his relationship with AWA, the entity for which he performed and which originally recorded those performances with his consent.  Noticeably absent from the Complaint as well is any allegation that Plaintiff has not already been adequately compensated for his services to AWA.  *See Rodriquez v. Vision Corr. Group, Inc.*, 580 S.E. 2d 266, 268 (Ga. App. Ct. 2003) (plaintiff could not recover based on a theory of unjust enrichment where she "cannot show that she was not already reasonably compensated for her services.").  In light of the foregoing, Plaintiff's claim for unjust enrichment must be dismissed.

**F.    Plaintiff's Claims are Preempted by the Copyright Act**

**1.    Section 301(a) of the Copyright Act**

Section 301(a) of the Copyright Act prohibits states from regulating in the area of copyright.  *See* 17 U.S.C. § 301(a).  According to Congress, "[t]he intention of Section 301 is to preempt and abolish any rights under the common law or statutes of a State that are equivalent to copyright and that extend to works coming within the scope of Federal copyright law."  H.R. Rep. No. 94-1476 at 130.  Thus, § 301(a) establishes a two-part test for determining whether a state law claim is

preempted:  "[p]reemption occurs if the rights at issue (1) 'fall within the "subject matter of copyright" set forth in sections 102 and 103' and (2) 'are "equivalent to" the exclusive rights of section 106'" of the Copyright Act.  *Lipscher v. LRP Publ'ns, Inc.*, 266 F.3d 1305, 1311 (11th Cir. 2001) (citation omitted).  In other words, "'state law rights that may be abridged by an act which, in and of itself, would infringe one of the exclusive rights provided by federal copyright law,'" such as "the right to reproduce the copyrighted work, to prepare derivative works, and to distribute copies to the public," are preempted by § 301(a).  *Id.* (citation omitted).

It is indisputable that the AWA footage owned by WWE containing Plaintiff's performances as "Pretty Boy" Doug Somers and WWE's DVDs containing that footage are within the subject matter of copyright under § 102 of the Copyright Act.[6]  Further, as described below, Plaintiff's claims are no more than an attempt to interfere with WWE's exercise of its exclusive rights under § 106 of the Copyright Act with respect to the DVDs.  Such claims are completely preempted by federal copyright law.

---

[6]    17 U.S.C. § 102(6) provides that "[c]opyright protection subsists . . . in original works of authorship fixed in any tangible medium of expression . . . [including] motion pictures and other audiovisual works."

**2. Plaintiff's Privacy and Right of Publicity Claims Are Preempted by § 301(a)**

Plaintiff's claim for invasion of privacy is really a claim for violation of his right of publicity, as discussed above. *See supra*, § II.B; *Thoroughbred Legends*, 2008 WL 616253, at *11, n.13. The AWA footage at issue in the Complaint was created with Plaintiff's authorization, and is thus the subject of a valid copyright. *See* 17 U.S.C. § 101 (a work is "fixed" for the purposes of copyright protection where it is embodied in a tangible medium "by or under the authority of the author"). WWE is the sole owner of the copyrights in this footage, and Plaintiff's state law claims involve nothing more than an attempt to prevent WWE from exercising its exclusive rights under § 106 of the Copyright Act.

Courts consistently hold that where, as here, a plaintiff consents to being filmed and later brings state law claims for misappropriation of name and likeness or violations of rights of publicity against a defendant who is doing no more than reproducing and distributing the defendant's own copyrighted works, the plaintiff's claims are preempted the Copyright Act. *See*, *e.g.*, *Jules Jordan Video, Inc. v. 144942 Canada, Inc.*, 617 F.3d 1146, 1155 (9th Cir. 2010); (essence of performer's right of publicity claim was that "defendants reproduced and distributed the DVDs without authorization," and thus, claim was preempted by the Copyright Act); *Baltimore Orioles, Inc. v. MLB Players Assoc.*, 805 F.2d 663 (7th

Cir. 1986) (players' right of publicity claims preempted where they consented to the fixation of their performances in a copyrightable form); *Fleet v. CBS, Inc.*, 50 Cal. App. 4th 1911, 1925 (Cal. App. Ct. 1996) (actors' right of publicity claims after willing participation in film "subsumed by copyright law and preempted").

In the seminal case of *Fleet v. CBS, Inc.*, the court found the plaintiffs' right of publicity claims preempted where the claims sought to prevent the owner of a copyrighted work from displaying or reproducing it. 50 Cal. App. 4th 1911, 1924 (Cal. App. Ct. 1996) ("a right is equivalent to rights within the exclusive province of copyright when it is infringed by the mere act of reproducing, performing, distributing, or displaying the work at issue"). *Fleet* was recently relied upon by the Ninth Circuit in *Jules Jordan*. In that case, as here, "the factual basis of [plaintiff's] right of publicity claim was the unauthorized reproduction of his performance on the DVDs." *Jules Jordan*, 617 F.3d at 1154. The Ninth Circuit held that the plaintiff's right of publicity claim based on the defendants' unauthorized reproduction and distribution of DVDs depicting his performances was preempted by copyright law. *See id.* at 1155.

Similarly, in *Baltimore Orioles*, the Seventh Circuit held that baseball players' right of publicity claims were preempted by the Copyright Act. *Baltimore Orioles*, 805 F.2d 663. In that case, plaintiff baseball players brought right of

publicity claims against defendants who were broadcasting footage of baseball games to which the defendants owned the copyrights. The players argued that they were not attempting to claim rights in the copyrighted telecasts of their performances, but in the performances themselves, which were not the subject of copyright. *See id.* at 674. The Seventh Circuit disagreed. According to the court, "once a performance is reduced to tangible form, there is no distinction between the performance and the recording of the performance for the purpose of preemption under § 301(a)." *Id.* at 675. "By virtue of being videotaped . . . the Players' performances are fixed in a tangible form, and any rights of publicity in their performances that are equivalent to the rights contained in the copyright of the telecast are preempted." *Id.*

Numerous other courts have analyzed identical claims and come to the same result: where a plaintiff consents to having his performance reduced to a tangible medium, such as an audiovisual work, his claims for misappropriation of name and likeness and right of publicity based solely on reproduction or distribution of that copyrighted work are preempted by the Copyright Act. *See, e.g., Stanford v. Caesars Entm't, Inc.*, 430 F. Supp. 2d 749 (W.D. Tenn. 2006) (right of publicity and misappropriation of name and likeness claims preempted due to plaintiff's voluntary participation in defendants' copyrighted advertisements); *Armstrong v.*

*Eagle Rock Entm't*, 655 F. Supp. 2d 779 (E.D. Mich. 2009) (musician's claim for misappropriation of name and likeness based on the use of his performance in DVD preempted by the Copyright Act); *Jackson v. Biotech Corp.*, No. BC 300 988, 2004 WL 5047979, at *2 (Cal. Sup. Sept. 1, 2004), *quoting Fleet*, 50 Cal. App. 4th at 1924 ("'because a performance is fixed in tangible form when it is recorded, a right of publicity in such performance. . . is subject to preemption'").

Indeed, WWE has previously succeeded in foreclosing such baseless and preempted claims by prior Plaintiffs seeking to interfere with WWE's exclusive copyrights. *See, e.g.*, *Blood v. Titan Sports Inc.*, No. 3-94-CV-307 P, at *19 (W.D.N.C. May 13, 1997)[7] (wrestler's state law claims for misappropriation of name and likeness in violation of his right of publicity, invasion of privacy, unfair trade practices, unfair competition, and unjust enrichment were preempted by the Copyright Act which governed videocassette tapes at issue). In one such case, Richard Blood, a wrestler who performed under the identity "Ricky 'the Dragon' Steamboat," claimed that he was owed royalties for use of his recorded performances in videotapes sold by WWE. The court held that "Blood's claims for royalties or damages from the videocassette sales fail as a matter of law." *Id.* at

---

[7]     A copy of the cited opinion in *Blood v. Titan Sports, Inc.* is attached hereto as Exhibit A.

*17.  According to the court, "[t]he gravamen of Blood's claims in general is that Titan had no right to sell videos in which he appears without paying him a royalty." *Id.* Thus, all of Blood's state law claims seeking damages related to the videos were preempted by the Copyright Act because "the copyright subsists in the videotapes themselves not any performance rendered by Blood and [] § 301(a) preempts Blood's state-law claims to the extent they seek damages for the unauthorized reproduction or distribution of the videocassettes (which appears to be the gravamen of Blood's claim)." *Id.* at *19.

There is no difference between the claims brought in the cases cited above and the ones brought by Plaintiff here.  Somerson consented to the recording of his AWA performances, and the copyrights in those recordings are now owned by WWE.  Thus, any right of privacy through appropriation of name and likeness or right of publicity claim that seeks to deprive WWE of its exclusive rights under the Copyright Act is preempted and should be dismissed.

### 3.    Plaintiff's Unauthorized Use of Intellectual Property Claim is Preempted

In Count II of the Complaint, Plaintiff asserts a claim for "Unauthorized Use of Intellectual Property," alleging that "Defendants have used Mr. Somerson's Intellectual Property . . . including, but not limited to the 'Pretty Boy' Doug Somers persona" in WWE DVDs.  Complaint, ¶¶ 36-37.  As discussed above, it is

not clear what Plaintiff's purported cause of action is here.  However, to the extent that Plaintiff is alleging that he has a valid cause of action for use of copyrighted footage of Plaintiff acting not as himself, but as "Pretty Boy" Doug Somers, his claim is preempted by the Copyright Act.

In *Stanford v. Caesars Entm't, Inc.*, the court held that a claim by an entertainer for unlawful use of his fictional persona "Loose Slot Louie" was preempted by § 301 of the Copyright Act.  *See* 430 F. Supp. 2d at 757.  In that case, the plaintiff sued for damages stemming from an allegedly unlawful use of footage of him playing "Loose Slot Louie" in the defendants' advertisements.  Relying on *Fleet*, the court held:

> [O]nce Plaintiff willingly dressed up in the "Loose Slot Louie" costume and knowingly appeared as this character in Defendants' advertisements, his performance became a "dramatic work" that was "fixed in a tangible medium of expression" . . . As such, the subject matter of Plaintiff's claims falls within the scope of copyright law, and the first requirement for preemption is satisfied.

*Id.* at 757.  Further, the rights sought by the plaintiff were equivalent to those in § 106 of the Copyright Act because they "may be abridged by an act which in and of itself would infringe one of the exclusive rights – namely, interference with the Defendants' right to reproduce, distribute, or display their copyrighted advertisements."  *Id.* at 759 (internal quote and citation omitted).  Therefore, the plaintiff's claims were preempted.

The *Stanford* plaintiff framed his causes of action as ones for invasion of privacy and violation of his right of publicity.  However, the claims were no different than Plaintiff's claim for unauthorized use of the "Pretty Boy" Doug Somers persona.  As such, the result is also the same:  once Plaintiff consented to being filmed as "Pretty Boy" Doug Somers, his performances became the subject of copyright law, and WWE needs no further consent to exploit copyrights it now owns.  Because nothing more than reproduction, distribution, or display of WWE's copyrighted DVDs would violate the Plaintiff's alleged rights in the "Pretty Boy" Doug Somers persona, his claim for unauthorized use of intellectual property is preempted by the Copyright Act and must be dismissed.

**G.   Plaintiff's Claims are Time-Barred**

**1.   Plaintiff's Privacy and Publicity Claims are Time-Barred**

Even if this Court were to find that Plaintiff's claims are not completely preempted by the Copyright Act, to the extent that Plaintiff's claims for violations of his rights of privacy or publicity are based on DVDs released prior to November 28, 2009, Plaintiff's claims are barred by the statutes of limitations governing such causes of action.  Pursuant to Georgia statute, "[a]ctions for injuries to the person shall be brought within two years after the right of action accrues . . ." O.C.G.A. § 9-3-33.  This statute of limitations applies to Plaintiff's claims for invasion of

privacy and right of publicity through alleged appropriation of his name and likeness. *See, e.g.*, *Harris v. Fulton-Dekalb Hosp. Auth.*, 255 F. Supp. 2d 1347, 1378 (N.D. Ga. 2002), *aff'd*, 48 Fed. Appx. 742 (11th Cir. 2002) (invasion of privacy claims governed by two-year personal injury statute of limitations); *Hudson v. Montcalm Publ'g Corp.*, 379 S.E. 2d 572, 577 (Ga. Ct. App. 1989) (same). "The true test to determine when the cause of action accrued is to ascertain the time when the plaintiff could first have maintained his action to a successful result." *Weinstock v. Novare Group, Inc.*, 710 S.E. 2d 150, 157 (Ga. App. Ct. 2011) (quote omitted). Therefore, if Plaintiff's claims had any merit, they would have accrued at the time WWE released the DVDs at issue.

Plaintiff filed his Complaint on November 28, 2011. Accordingly, Plaintiff's claims based on footage from DVDs that were released prior to November 28, 2009 are time-barred and must be dismissed.

### 2. Plaintiff's GUDTPA and Unjust Enrichment Claims are Time-Barred

Plaintiff's GUDTPA and unjust enrichment claims are similarly time-barred and should be dismissed. Claims under GUDTPA and for unjust enrichment are governed by the four-year statutes of limitations found at O.C.G.A. § 9-3-31 and O.C.G.A. § 9-3-26, respectively. *See, e.g.*, *Kason Inds., Inc. v. Component Hardware Group, Inc.*, 120 F.3d 1199, 1205 (11th Cir. 1997) (UDTPA claim

properly borrows four-year limitations period of § 9–3–31); *Burns v. Dees*, 557 S.E. 2d 32, 39 (Ga. App. Ct. 2001) (four year statute under § 9-3-26 applicable to unjust enrichment claims).   Again, Plaintiff filed his Complaint on November 28, 2011.   Therefore, GUDTPA and unjust enrichment claims based on footage from DVDs that were released prior to November 28, 2007 are time-barred and must be dismissed.

## III.  <u>CONCLUSION</u>

For all of the foregoing reasons, this Court should dismiss the Complaint in its entirety with prejudice.

Respectfully submitted this 1st day of February, 2012.

<u>*s/ Otto F. Feil*</u>
Otto F. Feil
Georgia Bar No. 257288
ofeil@tfhlegal.com
Cheralynn M. Gregoire
Georgia Bar No. 309760
cgregoire@tfhlegal.com
TAYLOR, FEIL, HARPER,
  LUMSDEN & HESS, P.C.
3340 Peachtree Road NE, Suite 250
Atlanta, Georgia  30326
404-214-1200
404-214-1201 Fax

<u>Of Counsel</u>:
Jerry S. McDevitt
jerry.mcdevitt@klgates.com
Curtis B. Krasik
curtis.krasik@klgates.com
Blair T. Preiser
blair.preiser@klgates.com
K&L GATES LLP
K&L Gates Center
    210 Sixth Avenue
    Pittsburgh, Pennsylvania  15222
(412) 355-6500
(412) 355-6501 Fax

**ATTORNEYS FOR
DEFENDANTS**

I hereby certify that the foregoing **Memorandum of Law in Support of Motion to Dismiss by Defendant World Wrestling Entertainment, Inc.** was prepared using 14-point Times New Roman font in accordance with L.R. 5.1.

*s/ Otto F. Feil*
Otto F. Feil
Georgia Bar No. 257288
ofeil@tfhlegal.com
TAYLOR, FEIL, HARPER,
    LUMSDEN & HESS, P.C.
3340 Peachtree Road NE, Suite 250
Atlanta, Georgia  30326
404-214-1200
404-214-1201 Fax

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DOUGLAS DUANE SOMERSON, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | Civil Action |
| v. | ) | |
| | ) | File No. 1:12-cv-00043-MHS |
| VINCENT K. McMAHON; LINDA | ) | |
| E. McMAHON; and WORLD | ) | |
| WRESTLING ENTERTAINMENT, | ) | |
| INC., | ) | |
| | ) | |
|     Defendants. | ) | |
| _____ | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2012, I caused the foregoing

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS BY**

**DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC.** to be

electronically filed with the Clerk of Court using the CM/ECF system, which will

automatically send e-mail notification of such filing to the following attorney of

record:

        Edward Mark Gilgor, Esq.
        P. O. Box 17505
        Atlanta, GA  30316

This 1st day of February, 2012.

/s/ Otto F. Feil
Counsel for Defendants
Georgia Bar No. 257288