IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DOUGLAS DUANE SOMERSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> VINCENT K. McMAHON; LINDA ) <br> E. McMAHON; and WORLD ) <br> WRESTLING ENTERTAINMENT, ) <br> INC., ) <br> ) <br> Defendants. ) <br> _____ ) | Civil Action <br><br> File No. 1:12-cv-00043-MHS |

**PLAINTIFF DOUGLAS DUANE SOMERSON'S RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS**

Plaintiff Douglas Duane Somerson submits the following Response to the Motions to Dismiss of Defendants Vincent K. McMahon, Linda E. McMahon, and World Wrestling Entertainment, Inc. ("WWE"). On February 1, 2012, Defendants filed Motions to Dismiss via the CM/ECF filing system. On February 9, 2012, Defendants manually served Exhibits in support of their motions on the undersigned counsel for Plaintiff.

Defendants' essential argument is that Defendant WWE has the right to sell video recordings of Plaintiff performing as a professional wrestler and any possible

recovery by Plaintiff is precluded. Defendant WWE asserts that it purchased various copyrighted materials from another entity. However, as will be discussed in detail below, Defendants' factual assertions are just that, unsupported assertions. Defendants failed to include any affidavits upon which their conclusory assertions are based. Furthermore, the extrinsic facts which Defendants attempt to employ are not mentioned anywhere within the Complaint. Therefore, the Court should summarily reject Defendants' Motions as both are based on facts that, even if properly supported, still cannot be considered by the Court as part of a FRCP 12(b)(6) motion.

**I. Plaintiff's Factual Allegations.**

Plaintiff alleged in his First Verified Complaint that "Defendants have repeatedly used his name and likeness for their own commercial gain without permission of, or any compensation to, Mr. Somerson." Complaint, ¶ 18. Specifically, Plaintiff alleged "Defendants have released DVDs, books, dolls, and other commercial products, including, but not limited to, WWE Classics on Demand Video Channel, that use Mr. Somerson name and likeness (hereinafter "Doug Somers WWE Merchandise")." Id., ¶ 19. More specifically, Plaintiff alleged "The DVDs which feature Mr. Somerson's name and likeness, include, but are not limited to:  a. The Shawn Michaels Story: Heartbreak And Triumph; b.

From The Vault: Shawn Michaels; c. Shawn Michaels: My Journey; and, d. WWE Greatest Cage Matches of All Time DVD." Id., ¶ 20.

In terms of the right to use his name and likeness, Plaintiff alleged that "[n]either WWE nor the McMahons sought or obtained Mr. Somerson's consent to use his likeness or name or other Intellectual Property for the Doug Somers WWE Merchandise and have no right to do so without the consent of Mr. Somerson." Id., ¶ 22. Finally, in terms of compensation Plaintiff alleged: "No royalty payments have been paid with regard to any of these Doug Somers WWE Merchandise sales have ever been made to Mr. Somerson." Id., ¶ 23.

Defendants attempt to employ <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), and <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937 (2009) in support of their motions to dismiss. Defendants allege that: "Plaintiff's Complaint does not come close to meeting this pleading standard. Conclusory allegations and slavish recitations of the law, with no meaningful factual enhancement, dominate the Complaint." However, a summary review of the Complaint serves to demonstrate the total lack of merit in Defendants' assertion.

Using <u>Count I</u>, <u>Invasion of Privacy</u>, as an example, it becomes quickly evident as to the claims Plaintiff:

 30. Mr. Somerson repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 29 of the

Complaint.

31. Mr. Somerson retains sole legal right and title to the name and likeness.

32. Defendants have not sought or received Mr. Somerson's permission to use his name and likeness.

33. Defendants have repeatedly appropriated Mr. Somerson's name and likeness.

34. Mr. Somerson has been harmed by this invasion of privacy.

When combined with the factual allegations Plaintiff makes in paragraphs 18 -23, Plaintiff is clearly asserting that Defendants have violated his right to privacy and the specific manner in which they have done it. While Defendants may very well not agree with Plaintiff's factual allegations, the allegations themselves, are hardly "conclusory", "slavish recitations", or devoid of "factual enhancement." Plaintiff alleges that Defendants have no right to be selling video recordings of him working as a professional wrestler. Plaintiff goes so far as to name specific video recordings by title in Paragraph 20 of his Complaint. Plaintiff is at a loss to how he could articulate his claims in more detail. Plaintiff is perplexed as to how Defendants in good faith present this defense. Plaintiff's allegations meet the Twombly-Iqbal standard.

## II. Defendants' Claims Regarding Copyrighted Materials.

### *A. Defendants' Extrinsic Unsupported Factual Allegations.*

Defendants Vincent K. McMahon and Linda E. McMahon state in their Memorandum of Law in Support of their Motion to Dismiss (McMahon Memorandum") that: Plaintiff was a professional wrestler who performed for the American Wrestling Association ("AWA") under the character name of "Pretty Boy" Doug Somers. Plaintiff's performances were recorded by AWA, which owned that footage as well as all copyrights therein." Pages 1-2. Defendants claim that: "In 2003, WWE purchased the AWA film library and all copyrights thereto, including the copyrights in and to footage containing Plaintiff's performances as "Pretty Boy" Doug Somers." Id., Page 2. Other references to the AWA can be found at Pages 3, 16, and 18. Similarly, in its Memorandum of Law in Support of its Motion to Dismiss ("WWE Memorandum"), Defendant WWE references to the AWA can be found at Pages 2-3, 8, 14-17, and 21.

In sum, Defendants claim that Defendant WWE purchased the video recordings of Plaintiff from another entity and that entity had the right to sell Defendant WWE those recordings. Needless to say, one cannot rely on factual allegations in support of a motion to dismiss which draw on facts outside the complaint, much less facts for which utterly no support is offered by conclusory

and self-serving statements. "[T]he analysis of a 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto." <u>Novoneuron Inc. v. Addiction Research Institute, Inc.</u>, 326 Fed. Appx. 505, 507 (11th Cir. 2009). Therefore, any discussion of how Defendant WWE alleges it obtained these recordings, and from who it obtained them, cannot be considered by the Court in deciding this motion, since none of the facts upon which Defendants' allegations are based are found within the complaint or are "central to plaintiff's claim." <u>SFM Holdings, Ltd. v. Banc of America Secs., LLC</u>, 600 F.3d 1334, 1337 (11th Cir. 2010).

As previously stated, at no point in making their various factual allegations do any of the Defendants offer any actual evidentiary support for their claims. Neither the McMahon Memorandum nor the WWE Memorandum have affidavits attached or otherwise offer any citations to evidence in the record for their many and varied factual assertions. The failure to attach such affidavits is a violation of Local Rules 7.1 and/or 56.1.

Local Rule 7.1(A)(1) provides as follows:

Every motion presented to the clerk for filing shall be accompanied by a memorandum of law which cites supporting authority. <u>If allegations of fact are relied upon, supporting affidavits must be attached to the memorandum of law</u>.

(emphasis added).

Local Rule 56.1(B)(1) provides as follows:

A movant for summary judgment shall include with the motion and brief a separate, concise, numbered statement of the material facts to which the movant contends there is no genuine issue to be tried. Each material fact must be numbered separately and supported by a citation to evidence proving such fact.
The court will not consider any fact:
(a) <u>not supported by a citation to evidence</u> (including page or paragraph number);
(b) supported by a citation to a pleading rather than to evidence;
(c) stated as an issue or legal conclusion; or
(d) set out only in the brief and not in the movant's statement of undisputed facts.

(emphasis added).

Since Defendants failed to comply with the local rules, the consequence should be that any factual allegation that is unsupported, which means all factual allegations placed forward by Defendants, should be disregarded by the Court. Hollingsworth v. Perry, 130 S. Ct. 705 (2010)(local rules have the force of law).

### B. *Defendants' Unsupported Allegations Regarding the Application of Copyright Law as a Defense in this Case.*

Defendants' primary attack on the merits of Plaintiff's claims is that Defendant WWE has the right to generate revenue in any manner it sees fit from video recordings of Plaintiff's performance as a professional wrestler. Defendants cite to the case of <u>Baltimore Orioles, Inc. v. Major League Baseball Players Ass'n</u>, 805 F.2d 663 (1986), as support for their argument that since Defendant

WWE purchased various copyrighted materials from AWA, it has the right to engage in whatever conduct with regard to Plaintiff's name and likeness it sees fit. Needless to say, Plaintiff disagrees with the Defendants' assertions. However, this case is instructive as it discusses the requirements for ownership of a copyright and provides, inter alia, as follows:

> Our analysis begins by ascertaining whether the Clubs own a copyright in the telecasts of major league baseball games. In general, copyright in a work "vests initially in the author or authors of the work," 17 U.S.C. § 201(a); however, "[i]n the case of a work made for hire, the employer or other person for whom the work was prepared is considered the author ... and, unless the parties have expressly agreed otherwise in a written instrument signed by them, owns all of the rights comprised in the copyright." 17 U.S.C. § 201(b). A work made for hire is defined in pertinent part as "a work prepared by an employee within the scope of his or her employment." 17 U.S.C. § 101. Thus, an employer owns a copyright in a work if (1) the work satisfies the generally applicable requirements for copyrightability set forth in 17 U.S.C. § 102(a), (2) the work was prepared by an employee, (3) the work was prepared within the scope of the employee's employment, and (4) the parties have not expressly agreed otherwise in a signed, written instrument.

Id. (footnotes omitted).

In Community for Creative Non-Violence v. Reid, 490 U.S. 730, 109 S. Ct. 2166, 104 L. Ed. 2d 811 (1989), the Supreme Court addressed the work for hire doctrine in detail. The court began by discussing authorship of a copyrighted work as it applies to ownership stating: "[a]s a general rule, the author is the party who actually creates the work, that is, the person who translates an idea into a fixed,

8

tangible expression entitled to copyright protection." Id., 490 U.S. 730, 737. (citing 17 U.S.C. § 102.) The Court then stated that "[t]he Act carves out an important exception, however, for "works made for hire." If the work is for hire, "the employer or other person for whom the work was prepared is considered the author" and owns the copyright, unless there is a written agreement to the contrary. Id., (citing 17 U.S.C.§ 201(b). To determine if a given work could be considered for hire, the Court stated: "Section 101 plainly creates two distinct ways in which a work can be deemed for hire: one for works prepared by employees, the other for those specially ordered or commissioned works which fall within one of the nine enumerated categories and are the subject of a written agreement." Id., 490 U.S. 730, 741.

"To determine whether a work is for hire under the Act, a court first should ascertain, using principles of general common law of agency, whether the work was prepared by an employee or an independent contractor." Id., 490 U.S. 750-751.

> In determining whether a hired party is an employee under the general common law of agency, we consider the hiring party's right to control the manner and means by which the product is accomplished. Among the other factors relevant to this inquiry are the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work;

> the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party.

Id., 490 U.S. 751–752.

Consequently, the issue Defendants implicitly raise in their attempted defense in this case is whether Plaintiff was an employee or an independent contractor at the time these recordings were made. Defendant WWE has previously taken the position that professional wrestlers are not employees, but rather independent contractors and was successful with that argument. Levy v. World Wrestling Entertainment, Inc., No. 3:08-cv-01289 (PCD), 2009 WL 2382022 (D.Conn. July 31, 2009), attached as Exhibit A. This raises the issue of estoppel in terms of Defendant WWE's position of whether professional wrestlers are employees of the various wrestling entities or independent contractors.

However, even if Defendant WWE is able to persuade the Court to allow it to argue that Plaintiff was an employee at the time the recordings were made, this is not an issue for disposal in the preliminary stage of this case. Since Defendants are claiming to have obtained ownership of copyrighted materials, the validity of those copyrights is a critical issue to this case. As the party asserting ownership of copyrighted materials as a defense to all of Plaintiff's claims, the burden is on the Defendants to produce some evidence of the existence of these copyrights as

10

specifically related to video recordings of Plaintiff performing as a professional wrestler and their ownership of the same. At that point, the issue of the validity of the alleged copyright materials can be called into question as to whether someone other than Plaintiff had the right to file copyrights for said recordings. However, at this stage in the proceedings, it is entirely premature to attempt to seek a dismissal based on these alleged copyrights.

Defendants failed to submit a single piece of evidence supporting their claims regarding the copyrights. Defendants allege that Defendant WWE purchased various copyrighted video recordings from AWA. However, none of these copyright registrations were actually identified, much less included, in the materials supporting Defendants' memoranda. Nor was any proof offered that these copyrights had been transferred from AWA to Defendant WWE.

Therefore, Defendants' motions to dismiss rest on the unsupported factual assertion that all materials used with Plaintiff's likeness and/or name were generated using copyrighted materials it obtained from the original owner. Plaintiff respectfully submits that prior to entertaining any motion based on Defendant's unsupported assertions regarding the copyrights in question, that Defendants be required to produce admissible evidence to support these claims, which Plaintiff shall have a chance to examine.

### C. Defendants' Sub Silentio Motion for Summary Judgment

As Defendants are attempting to argue facts outside the scope of complaint, and involve matters that are not central to Plaintiff's case; therefore, they have effectively filed a motion for summary judgment, albeit one utterly devoid of factual support. To the extent the Court is inclined to consider any of the arguments put forward by Defendants regarding the various extrinsic facts raised by Defendants, Plaintiffs moves the Court under Rule FRCP 56(d) to request that the Court deny the Motion, or in the alternative, to hold Defendants' de facto Motion for Summary Judgment in abeyance until the discovery process can be undertaken.

Plaintiff submits the affidavit of counsel in support of its position. Affidavit of Counsel for Plaintiff, attached as Exhibit B. Counsel for Plaintiff is unable to properly respond to Defendants' allegations regarding the ownership of copyrighted materials by Defendant WWE, given that no such materials have been produced. Id., ¶ 11. The specific information that needs to be discovered will be the specific copyrights that Defendant WWE is alleged to hold as well as the manner in which they were originally obtained. Id., ¶ 9. This information is within Defendant WWE's exclusive custody and control. Id., ¶ 10. Plaintiff does not have the ability to obtain this information in any other way. Id. Since the

discovery process has yet to begin, Plaintiff has been unable to engage in discovery regarding those matters specified in his Complaint, much less the new factual allegations made by Defendants in their Motions to Dismiss and Supporting Memoranda. Therefore, pursuant to FRCP 56(d), Plaintiff respectfully requests the Court deny Defendants' de facto Motions for Summary Judgment, or, in the alternative, hold said Motions in abeyance, until such time as the Plaintiff is able to engage in discovery to the extent necessary to respond to said Motions for Summary Judgment.

### III. Right of Publicity

Defendants argue that Plaintiff cannot proceed under this theory because "...Plaintiff originally consented to the recordation of his AWA performances. WWE later obtained ownership of these copyrighted works..." WWE Memorandum, Page 8. Once again, Defendants seek to use extrinsic unsupported facts. The Court must disregard Defendant's assertions. SFM Holdings 600 F.3d 1334. "The right of publicity may be defined as [an individual's] right to the exclusive use of his or her name and likeness." Martin Luther King, Jr. Ctr. for Soc. Change, Inc. v. Am. Heritage Prods., Inc., 250 Ga. 135, 296 S.E.2d 697, 700 (1982). "The courts in this state have long recognized that one who makes an unsanctioned appropriation of another's name or likeness for his own benefit may

be liable to that person in tort." Alonso v. Parfet, 253 Ga. 749, 325 S.E.2d 152, 153 (1985). Defendants' suggestion that Plaintiff consented to be recorded and was paid for said recordings is not supported by any facts. Plaintiff submits that prior to dispensing with causes of action, Defendants must do more than offer supposition regarding what the facts might be.

### IV. Unjust Enrichment

Defendants incorrectly claim that unjust enrichment is not an independent cause of action. "Unjust enrichment is an equitable concept and applies when as a matter of fact there is no legal contract, but where the party sought to be charged has been conferred a benefit by the party contending an unjust enrichment which the benefited party equitably ought to return or compensate for." Georgia Jurisprudence, Contracts § 2:21 (2012).

In this case Defendants have benefitted from Plaintiff's work and there is no contractual agreement between the parties. Plaintiff contends that he should be compensated. In Eudy v. Universal Wrestling Corp. 272 Ga.App. 142, 146, 611 S.E.2d 770, 775 (2005), that court "found that a jury question existed on the unjust enrichment issue because the television replays fell outside the contract provisions." Id., 272 Ga.App. 142, 146, 611 S.E.2d 770, 775. Plaintiff seeks to be allow to produce sufficient evidence to establish that Defendants should be liable

to him under this theory of recovery.

## V. Statute of Limitations

Under Georgia law, the continuing tort doctrine applies when a "tortious act is of a continuing nature and produces injury in varying degrees over a period of time." Hicks v. McGee, 642 S.E.2d 379, 381 (Ga. Ct. App. 2007). "[T]he statute of limitation does not begin to run until such time as the continued tortious act producing injury is eliminated." Id. In this case the harm is the use by Defendants of Plaintiff's name and likeness, including, but not limited to the sale of video recordings of Plaintiff's work as a professional wrestler is the cause of the injury. That harm continues to this very day. Defendants incorrectly claim the release date of any video recordings is the sole date of injury and accrual. In reality, the injury occurs as long as the conduct occurs. Ambling Management Co. v. Purdy, 283 Ga.App. 21, 26, 640 S.E.2d 620, 625 (2006).

## Conclusion

Defendants attempt to use copyright ownership as a defense to Plaintiff's claims is an ill-advised exercise in futility. Defendants use of extrinsic alleged facts, devoid of evidentiary, precludes this Court from considering any of its arguments. Plaintiff urges the Court to deny Defendants' Motions to Dismiss and allow the matter to proceed forward.

/s/ Edward M. Gilgor
Georgia Bar No. 294716
edward.gilgor@gmail.com
Post Office Box 17505
Atlanta, GA 30316-0505
(404) 483-1300
(404) 920-3433 (Fax)
*Attorney for Plaintiff*

Pursuant to L.R. 7.1D, I certify that the foregoing was prepared as per the requirements of L.R. 5.1C using Times New Roman (14 point) font.

/s/ Edward M. Gilgor
Georgia Bar No. 294716
edward.gilgor@gmail.com
Post Office Box 17505
Atlanta, GA 30316-0505
(404) 483-1300
(404) 920-3433 (Fax)
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DOUGLAS DUANE SOMERSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> VINCENT K. McMAHON; LINDA ) <br> E. McMAHON; and WORLD ) <br> WRESTLING ENTERTAINMENT, ) <br> INC., ) <br> ) <br> Defendants. ) <br> _____ ) | Civil Action <br><br> File No. 1:12-cv-00043-MHS |

**CERTIFICATE OF SERVICE**

I hereby certify that on February 28, 2012, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorney of record:

> Otto F. Feil
> ofeil@tfhlegal.com
> Cheralynn M. Gregoire
> cgregoire@tfhlegal.com
> TAYLOR, FEIL, HARPER,
> LUMSDEN & HESS, P.C.
> 3340 Peachtree Road NE, Suite 250
> Atlanta, Georgia 30326
>
> Jerry S. McDevitt

17

                    Jerry.mcdevitt@klgates.com
                    Curtis B. Krasik
                    curtis.krasik@klgates.com
                    Christopher M. Verdini
                    christopher.verdini@klgates.com
                    K&L GATES LLP
                    K&L Gates Center
                    210 Sixth Avenue
                    Pittsburgh, Pennsylvania 15222
                    *Attorneys for Defendants*

This 28th day of February, 2012.

                                      */s/ Edward M. Gilgor*
                                      *Attorney for Plaintiff*