IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

DOUGLAS DUANE SOMERSON,　　　)
　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　)　　C.A. No. 1:12-cv-00043-MHS
　　　　　　　　　　　　　　　)
　　　　　　v.　　　　　　　　)
　　　　　　　　　　　　　　　)
VINCENT K. McMAHON, LINDA E.　)
McMAHON, and WORLD　　　　　　)
WRESTLING ENTERTAINMENT,　　　)
INC.,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　)
　　　　　　Defendants.　　　　)

**DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF THE
COURT'S SUBJECT MATTER JURISDICTION**

Pursuant to the Court's June 26, 2012 Order (Dkt. 11), Defendants World

Wrestling Entertainment, Inc., Vincent K. McMahon and Linda McMahon

(collectively, "WWE") respectfully submit this supplemental brief in support of the

Court's subject matter jurisdiction over this lawsuit.

## I.　　INTRODUCTION

This case involves Plaintiff's claim that WWE does not have the right to

produce and sell DVDs that include, in small part, footage of Plaintiff in which

WWE indisputably owns the copyright.  Plaintiff cannot and does not dispute

WWE's copyright ownership in such footage but nevertheless claims that WWE

has no right to sell video recordings of him working as a professional wrestler in performances in which he voluntarily participated and for which he was fully compensated.  Plaintiff has asserted various state law claims all predicated on WWE's supposedly unauthorized use of Plaintiff's "intellectual property" as depicted in WWE's copyrighted footage.  Accordingly, this is a quintessential case of a plaintiff asserting state law rights to thwart the exclusive rights provided to WWE under federal copyright law.  As a matter of law, those state law rights are completely preempted by Section 301 of the Copyright Act, 17 U.S.C. § 301.

The Court's June 26, 2012 Order requested supplemental briefing addressing the Court's subject matter jurisdiction.  The Court's subject matter jurisdiction over this lawsuit is firmly supported by governing law.

The Court has federal question subject matter jurisdiction based on complete preemption under the Copyright Act.  Complete preemption occurs when federal law so occupies a given field that a state law claim is transformed into a claim "arising under" federal law to support removal to federal court.  Every Circuit to address the issue – the Second, Fourth, and Sixth Circuits – has concluded that the Copyright Act has such a complete preemptive effect.  There is no contrary authority.  While the Eleventh Circuit has not yet ruled on this issue, the Circuits that have uniformly found the Copyright Act to completely preempt state law have

done so on the basis of Supreme Court precedent, most recently articulated in *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 7 (2003).  This authority is equally applicable here and dictates the same result.  In short, the Copyright Act's broad mandatory preemption for any causes of action within the general scope of copyright and the exclusive federal jurisdiction over copyright claims compels the conclusion that Congress intended the Copyright Act to entirely displace equivalent state law.

WWE also believes that the Court has diversity jurisdiction over this lawsuit.  Although it always was clear that the parties are completely diverse, WWE did not initially plead diversity jurisdiction in its Notice of Removal because it was not evident from Plaintiff's Complaint that the amount in controversy exceeded $75,000.  After receiving the Court's June 26 Order, WWE's counsel repeatedly attempted to contact Plaintiff's counsel to ascertain if Plaintiff is alleging damages on his claims in this action in excess of $75,000.  By email dated July 16, 2012, Plaintiff's counsel finally responded to these inquiries but stated only that "Plaintiff will respond as per the Court's Order."  WWE expects that Plaintiff will assert in his response to WWE's supplemental brief that Plaintiff indeed is alleging damages in excess of $75,000.  If so, both elements of diversity jurisdiction would be satisfied.

## II.    ARGUMENT

### A.    This Court Has Federal Question Subject Matter Jurisdiction Based on Complete Preemption Under the Copyright Act

"Federal courts have federal question jurisdiction over 'all civil actions arising under the Constitution, laws, or treaties of the United States.'" *Dunlap v. G&L Holding Group, Inc.*, 381 F.3d 1285, 1289 (11th Cir. 2004) (citing 28 U.S.C. § 1331).  "Whether a claim 'arises under' federal law 'is governed by the well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Id.* (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). "However, even when a plaintiff has pled only state-law causes of action, he may not avoid federal jurisdiction if . . . federal law completely preempts his state-law claims." *Id.* at 1290.  "Complete preemption occurs when federal law so occupies a given field that a state-law claim is transformed into a claim 'arising under' federal law." *Id.*  In distinction to ordinary preemption, complete preemption

> is a narrowly drawn jurisdictional rule for assessing federal removal jurisdiction when a complaint purports to raise only state law claims.  It looks beyond the complaint to determine if the suit is, in reality, "purely a creature of federal law," even if state law would provide a cause of action in the absence of the federal law.  It transforms the state claim into one arising under federal law, thus creating the federal question jurisdiction requisite to removal to federal courts.

*Geddes v. Am Airlines, Inc.*, 321 F.3d 1349, 1353 (11ᵗʰ Cir. 2003) (citations omitted).[1]

Every Circuit to address the issue has concluded that the Copyright Act has such a complete preemptive effect to support removal to federal court. *See Ritchie v. Williams*, 395 F.3d 283, 285-87 (6ᵗʰ Cir. 2005); *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 303-05 (2ⁿᵈ Cir. 2004); *Rosciszewski v. Arete Assocs., Inc.*, 1 F.3d 225, 230-33 (4ᵗʰ Cir. 1993).[2] While the Eleventh Circuit has not yet

---

[1]   WWE recognizes the distinction between complete preemption and ordinary preemption. As set forth in Paragraph 19 of its Notice of Removal and for the reasons explained herein, Section 301 of the Copyright Act completely preempts state law such that it creates federal question jurisdiction to support removal. In Paragraph 19 of its Notice of Removal and in this Supplemental Brief, WWE has cited the authorities for the proposition that the Copyright Act completely preempts state law. Having established that the Copyright Act is completely preemptive, WWE separately explained in Paragraphs 18 & 20-22 of its Notice of Removal and in its Memorandum of Law in Support of Motion to Dismiss the two-part test uniformly applied in the Eleventh Circuit and elsewhere to determine if a plaintiff's state law claim is preempted by Section 301 of the Copyright Act, which Plaintiff's claims undeniably are here. This two-part test is used to determine if Section 301 applies regardless of whether the complete preemption doctrine is used as a basis for removal. *See Stuart Weitzman, LLC v. Microcomputer Resources, Inc.*, 542 F.3d 859, 864 n.5 (11ᵗʰ Cir. 2008).

[2]   The Ninth Circuit recently suggested that it also would find the Copyright Act to completely preempt state law. *See Bierman v. Toshiba Corp.* No. 11-15262, 2012 WL 1952122 (9ᵗʰ Cir. May 31, 2012). The Ninth Circuit affirmed the district court's dismissal of two causes of action as preempted by Section 301 of the Copyright Act. *Id.* The case was removed to federal court on the grounds that the state law claims at issue were completely preempted by the Copyright Act. *See*

ruled on this issue, in *Stuart Weitzman, LLC v. Microcomputer Resources, Inc.*, 542 F.3d 859, 864 (11th Cir. 2008), it cited the foregoing decisions in noting that "four other circuits have held that at least some state law claims are preempted by the Copyright Act such that federal subject matter jurisdiction exists over the claim under the complete preemption doctrine." *Id.*[3] *Weitzman* also cited two Eleventh Circuit decisions as "suggesting that the Copyright Act might have complete preemptive effect under some circumstances." *Id.* at 864 (citing *Dunlap*, 381 F.3d at 1289-91 and *Foley v. Luster*, 249 F.3d 1281, 1287-88 (11th Cir. 2001)). No

---

*Bierman v. Toshiba Corp.*, No. C-10-4203 MMC, 2010 WL 4716879, at *1 (N.D. Cal. Nov. 12, 2010). In fact, the district court cited *Ritchie, Briarpatch*, and *Rosciszewski* and stated, "[t]he Court finds the reasoning of such cases to be persuasive." *Id.* at *1 n.1. Significantly, the Ninth Circuit did not take issue with the district court's assertion of subject matter jurisdiction on the basis of complete preemption under the Copyright Act. Moreover, the concurring opinion by Senior Circuit Judge Wallace noted that while the Ninth Circuit did not directly address the propriety of the district court's federal subject matter jurisdiction to dismiss the claims as preempted, he "would have joined the Second, Fourth, and Sixth Circuits in holding that claims preempted by § 301(a) of the Copyright Act are regarded as arising under federal law, and therefore can support removal." *See Bierman*, 2012 WL 1952122, at *2.

[3]    In addition to the three cases cited above, the Eleventh Circuit also cited *Santa-Rosa v. Combo Records,* 471 F.3d 224, 226-27 (1st Cir. 2006). While the First Circuit found the claims at issue to be preempted by copyright law, it is not apparent that the court drew a distinction between complete preemption and ordinary preemption.

contrary authority was cited from the Eleventh Circuit or elsewhere. [4]

In addition to citing Eleventh Circuit precedent "suggesting that the Copyright Act might have complete preemptive effect," *Weitzman* applied the same standard "for when complete preemption occurs" as those Circuits that have found copyright law to be completely preemptive. *Id.* at 865. Applying the U.S. Supreme Court's ruling in *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 7 (2003) (holding the National Bank Act has complete preclusive effect), the Eleventh Circuit stated "[c]omplete preemption occurs when the preemptive force of the

---

[4]     In its June 26 Order, the Court stated that "courts differ as to whether complete preemption is authorized in the area of copyright law." Dkt. 11 at 9. Respectfully, this is not a fair characterization of the law, as demonstrated by the Court's own citations. While correctly citing *Ritchie*, *Briarpatch*, and *Rosciszewski* as decisions in favor of complete preemption, the Court cited as purported contrary authority only (i) **dicta** from *Wisconsin Interscholastic Athletic Ass'n v. Gannett Co., Inc.*, 658 F.3d 614, 620 (7th Cir. 2011) ("It turns out that the Copyright Act is a red herring. The question before us is whether WIAA's request for a declaratory judgment that settles Gannett's First Amendment arguments is within federal jurisdiction. Whether the contents of the broadcasts were protected by copyright is beside the point."); (ii) **the dissent** in *Cambridge Literary Props., Ltd. v. W. Goebel Porzellanfabrik*, 510 F.3d 77, 99-101 (1st Cir. 2007) (Cyr. J.); and (iii) **a "Comment"** in the N.C. Journal of Law & Technology written by a second-year law student entitled *The Ever-Expanding Complete Preemption Doctrine and The Copyright Act:  Is this What Congress Really Wanted?*, 7 N.C.J.L. & TECH. 205 (2005). Tellingly, despite Judge Cyr's dissent in 2007 and Judge Wood's dicta in 2011, the First Circuit and Seventh Circuits, respectively, have never subsequently adopted such a rule of law. In reality, therefore, no legal precedent has found complete preemption not authorized in the area of federal copyright law.

federal statute is 'so powerful as to displace entirely any state cause of action.'"
*Weitzman*, 542 F.3d at 865.  The Eleventh Circuit went on to state that "because
[the National Bank Act] provide[s] the ***exclusive cause of action for such claims***,
there is, in short, no such thing as a state-law claim of usury against a national
bank."  *Id.* (quoting *Anderson*, 539 U.S. at 11) (emphasis added).  As reflected in
this quoted language from *Anderson*, the Supreme Court has made clear that "[t]he
proper inquiry focuses on whether Congress intended the federal cause of action to
be exclusive rather than on whether Congress intended that the cause of action be
removable."  *Anderson*, 539 U.S. at 9 n.5; *see also Ritchie*, 395 F.3d at 287 ("[The
Supreme Court] holds [in *Anderson*] that a state law usury claim against a national
bank is 'completely preempted' and removable when Congress vests exclusive
jurisdiction in the federal courts after broadly preempting usury claims under the
National Bank Act.  The rationale is that in such situations the federal statutory
laws 'superseded both the substantive and remedial provision of state' law creating
a strong from of federal preemption – presumably because of the additional need
for a strong form of national uniformity implied by Congress when it made federal
court jurisdiction exclusive after broadly preempting state law.").

Significantly, this Court has recognized that "*Beneficial [Nat. Bank v.
Anderson]* represents a shift in the legal landscape surrounding the complete

preemption doctrine." *Andrews v. Atlas Van Lines, Inc.*, 504 F. Supp. 2d 1329, 1332 (N.D. Ga. 2007) (finding Carmack Amendment to Interstate Commerce Act to be completely preemptive).  Thus, "despite the Eleventh Circuit's pre-*Beneficial* hesitancy towards extending the [complete preemption] doctrine," post-*Beneficial Nat. Bank v. Anderson* Judge O'Kelley did "not believe that the law in this circuit requires [the court] to remand this case for lack of jurisdiction."  *Id.*  Instead, this Court joined two other Circuits in finding complete preemption under *Beneficial Nat. Bank v. Anderson* because "Congress intended for the Carmack Amendment to provide ***the exclusive cause of action*** for loss or damages to goods arising from interstate transportation of those goods by a common carrier."  *Id.* (quoting *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 778 (5th Cir. 2003)) (emphasis added).

Applying this same complete preemption standard, the Second, Fourth and Sixth Circuits have concluded that Congress intended the Copyright Act to entirely displace state law.  *See Briarpatch*, 373 F.3d at 305 ("Given the Supreme Court's approach in *Anderson*, we conclude that it means to extend the complete preemption doctrine to any federal statute that both preempts state law and substitutes a federal remedy for that law, thereby creating an exclusive federal cause of action.  The Copyright Act does just that.") (citations omitted); *see also Ritchie*, 395 F.3d at 286-87 ("Most recently, the Second Circuit analyzed the

[Copyright] Act in light of the *Anderson* case above and found that the doctrine of complete preemption clearly applies. . . .   We agree with the Second and Fourth Circuits.  Congress has indicated that 'national uniformity' in the strong sense of 'complete preemption' is necessary in this field."); *Rosciszewski*, 1 F.3d at 231-32 ("[I]n deciding whether the preemptive force of the Copyright Act is so extraordinary that a state-law claim, preempted by § 301(a), becomes federal in nature, the focus of our inquiry must be congressional intent. . . .   We likewise conclude that Congress intended that actions pre-empted by § 301(a) of the Copyright Act be regarded as arising under federal law.").

Specifically, these Circuits found the Copyright Act to be completely preemptive for two reasons.  First,

> Congress employed a broad mandatory preemption provision for causes of action equivalent to copyright claims.  *See* 17 U.S.C.A. § 301(a).  Concerning this provision, Congress has stated, "The declaration . . . in section 301 is intended to be stated in the clearest and most unequivocal language possible, so as to foreclose any conceivable misinterpretation of its unqualified intention that Congress shall act preemptively."  H.R. Rep. No. 1476, 94th Cong., 2d Sess. 130 (1976), *reprinted in* 1976 U.S.C.C.A.N. 5659, 5746.  Thus, Congress has clearly indicated that state-law claims which come within the subject matter of copyright law and which protect rights equivalent to any of the exclusive rights within the scope of federal copyright law . . . should be litigated only as federal copyright claims.

*Rosciszewski*, 1 F.3d at 232; *see also Ritchie*, 395 F.3d at 285 ("Section 301 of the Copyright Act broadly preempts state law claims, and federal law vests exclusive jurisdiction over such preempted copyright claims in the federal courts.").[5]

Second, 28 U.S.C. § 1338(a) provides, in pertinent part, that "the district courts shall have original jurisdiction of any civil claims arising under any Act of Congress relating to . . . copyrights . . .  Such jurisdiction shall be exclusive of the courts of the states in  . . . copyright cases."  Thus,

> [t]he Copyright Act is unusually broad in its assertion of federal authority.  Rather than sharing jurisdiction with the state courts as is normally the case, the statute expressly withdraws from the state courts any jurisdiction to enforce the provisions of the Act and converts all state common or statutory law "within the general scope of copyright" into federal law to be uniformly applied throughout the nation.

---

[5]     The Eleventh Circuit similarly has recognized such a broad scope of preemption under Section 301, noting in *Lipscher v. LRP Publ'n, Inc.*, 266 F.3d 1305, 1311 (11th Cir. 2001) that copyright preemption applies to materials that are not subject to copyright protection because "[o]ne function of § 301(a) is to prevent states from giving special protection to works of authorship that Congress has decided should be in the public domain, which it can accomplish only if 'subject matter of copyright' includes all works of a type covered by sections 102 and 103, even if federal law does not afford protection to them." *Lipscher*, 266 F.3d at 1311 (*quoting ProCD, Inc. v. Zeidenberg*, 86 F.3d 1447, 1453 (7th Cir. 1996)).  Applying this reasoning, the Eleventh Circuit held that even if the "publications [at issue] are not copyrightable, they are nevertheless within the subject matter of copyright" in finding the plaintiff's state law claims to be preempted. *Lipscher*, 266 F.3d at 1311.

*Ritchie*, 395 F.3d at 286; *see also Rosciszewski*, 1 F.3d at 232 ("The grant of exclusive jurisdiction to the federal courts over civil actions arising under the Copyright Act, combined with the preemptive force of § 301(a), compels the conclusion that Congress intended that state law actions preempted by § 301(a) of the Copyright Act arise under federal law.   Accordingly, we hold that the preemptive force of § 301(a) of the Copyright Act transforms a state-law complaint asserting claims that are preempted by § 301(a) into a complaint stating a federal claim for purposes of the well-pleaded complaint rule.   Since claims preempted by § 301(a) arise under federal law, removal of actions raising these claims to federal district court is proper.").

This reasoning equally applies here.   Given the Copyright Act's broad mandatory preemption for any causes of action within the general scope of copyright and the exclusive federal jurisdiction over copyright claims, it is evident that Congress intended the Copyright Act to entirely displace equivalent state law. As such, the Copyright Act is completely preemptive, as uniformly found by every Circuit to address the issue.   This Court, therefore, plainly has federal question subject matter jurisdiction over this lawsuit.

**B.     This Court Has Subject Matter Jurisdiction Based On Diversity**

This Court additionally has diversity jurisdiction over this lawsuit.   On the

face of Plaintiff's Complaint, there clearly is complete diversity between Plaintiff and all Defendants.  WWE is a Delaware corporation with its principal place of business in Stamford, Connecticut; Mr. and Mrs. McMahon similarly are both residents of Connecticut.  In its Notice of Removal, WWE did not plead this Court's subject matter jurisdiction based on diversity because it was not evident from Plaintiff's Complaint that the amount in controversy exceeded $75,000.

As noted at the outset, WWE's counsel repeatedly attempted to contact Plaintiff's counsel after receiving this Court's June 26 Order to ascertain if Plaintiff is alleging damages on his claims in this action in excess of $75,000.  By email dated July 16, 2012, the day before WWE's deadline for filing its supplemental brief, Plaintiff's counsel finally responded to these inquiries but stated only that "Plaintiff will respond as per the Court's Order."  WWE expects that Plaintiff will answer this question in his response to WWE's supplemental brief pursuant to the Court's June 26 Order, and assert that Plaintiff is claiming damages in excess of $75,000.  If so, both elements of diversity jurisdiction would be satisfied.  *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 747 (11th Cir. 2010) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001)).

### III.   CONCLUSION

For all of the foregoing reasons, this Court has subject matter jurisdiction

over this lawsuit.

Dated:  July 17, 2012                                  Respectfully submitted,

                                                          /s/ Otto F. Feil
                                                         Otto F. Feil
                                                         Georgia Bar No. 257288
                                                         ofeil@tfhlegal.com
                                                         Cheralynn M. Gregoire
                                                         Georgia Bar No. 309760
                                                         cgregoire@tfhlegal.com
                                                         TAYLOR, FEIL, HARPER,
                                                            LUMSDEN & HESS, P.C.
                                                         3340 Peachtree Road NE, Suite 250
                                                         Atlanta, Georgia  30326
                                                         404-214-1200 Phone
                                                         404-214-1201 Fax

                                                         Of Counsel:

                                                         Jerry S. McDevitt
                                                         jerry.mcdevitt@klgates.com
                                                         Curtis B. Krasik
                                                         curtis.krasik@klgates.com
                                                         K&L GATES LLP
                                                         K&L Gates Center
                                                         210 Sixth Avenue
                                                         Pittsburgh, PA  15222
                                                         (412) 355-6500 Phone
                                                         (412) 355-6501 Fax

                                                         ATTORNEYS FOR DEFENDANTS

I hereby certify that the foregoing **Defendants' Supplemental Brief in Support of the Court's Subject Matter Jurisdiction** was prepared using 14-point Times New Roman font in accordance with L.R. 5.1

/s/ Otto F. Feil
Otto F. Feil
Georgia Bar No. 257288
ofeil@tfhlegal.com
Cheralynn M. Gregoire
Georgia Bar No. 309760
cgregoire@tfhlegal.com
TAYLOR, FEIL, HARPER,
   LUMSDEN & HESS, P.C.
3340 Peachtree Road NE, Suite 250
Atlanta, Georgia  30326
404-214-1200 Phone
404-214-1201 Fax

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

DOUGLAS DUANE SOMERSON,      )
                             )
          Plaintiff,         )   C.A. No. 1:12-cv-00043-MHS
                             )
     v.                      )
                             )
VINCENT K. McMAHON, LINDA E. )
McMAHON, and WORLD           )
WRESTLING ENTERTAINMENT,     )
INC.,                        )
                             )
          Defendants.        )

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this ***Defendants' Supplemental Brief in Support of the Court's Subject Matter Jurisdiction*** was served this 17th day of July, 2012 via the Court's CM/ECF system on the following:

> Edward Mark Gilgor
> P.O. Box 17505
> Atlanta, GA  30316-0505
> *Attorney for Plaintiff*

> /s/ Cheralynn M. Gregoire
> Counsel for Defendants
> Georgia Bar No. 309760