IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DOUGLAS DUANE SOMERSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> VINCENT K. McMAHON; LINDA ) <br> E. McMAHON; and WORLD ) <br> WRESTLING ENTERTAINMENT, ) <br> INC., ) <br> ) <br> Defendants. ) <br> _____ ) | Civil Action <br><br> File No. 1:12-cv-00043-MHS |

**PLAINTIFF DOUGLAS DUANE SOMERSON'S RESPONSE TO
DEFENDANTS' MOTIONS TO DISMISS**

Plaintiff Douglas Duane Somerson submits the following Response to the Motions to Supplemental Brief of Defendants Vincent K. McMahon, Linda E. McMahon, and World Wrestling Entertainment, Inc. ("WWE"), filed on July 17, 2012 in response to this Court's Order of June 26, 2012.

**A. Plaintiff Emphatically Contests WWE's Ownership of Video Recordings, the Record is Entirely Devoid of Evidence of Ownership.**

As a preliminary matter, Mr. Somerson takes issue with an assertion made by Defendants in the afore-mentioned filing. Defendants stated that "Plaintiff cannot and does not dispute WWE's ownership" in video recordings featuring Mr.

Somerson. Supplemental Brief, Page 1. This reflects a gross mischaracterization of Mr. Somerson's position on this issue.

In his response to Defendants' Motion to Dismiss, Plaintiff stated:

> **Defendant WWE asserts that it purchased various copyrighted materials from another entity. However, as will be discussed in detail below, Defendants' factual assertions are just that, unsupported assertions.** Defendants failed to include any affidavits upon which their conclusory assertions are based. Furthermore, the extrinsic facts which Defendants attempt to employ are not mentioned anywhere within the Complaint. Therefore, the Court should summarily reject Defendants' Motions as both are based on facts that, even if properly supported, still cannot be considered by the Court as part of a FRCP 12(b)(6) motion.

Id., Page 2. (emphasis added).

Mr. Somerson believes that this language is clear and unambiguous in terms of his questioning the validity of WWE's ownership of interest in any video recordings of his previous performances for the following reasons: First, WWE failed to produce any video recordings it allegedly purchased from the American Wrestling Association ("AWA") from which it made its own recordings. Second, WWE failed to produce any evidence of AWA's ownership those recordings. Third, WWE failed to produce any evidence of its ownership in those recordings in

terms of documents transferring ownership from AWA to WWE.[1]  Fourth, along with failing to produce those recordings, WWE failed to produce any evidence of the copyrights of the recordings.  WWE asks this Court to accept all of the above on faith.  However, as the Court is well aware, litigation involves submitting admissible evidence to support claims and defense as opposed to conclusory assertions.   Defendants failed to produce even a scintilla of admissible evidence to support this claim.  Finally, Mr. Somerson alleged that he was an independent contractor at the time the video recordings in question were made.  Plaintiff's Response to Defendants' Motion to Dismiss, Pages 7-11.  Therefore, even if WWE were able to offer admissible evidence regarding its ownership of the video recordings, Mr. Somerson contends that AWA had no right to copyright such recordings.  Mr. Somerson can and does vigorously dispute WWE's ownership in video recordings featuring him.

**B. Diversity Jurisdiction**

    Mr. Somerson is seeking at least $75,000.00 in damages, and Plaintiff concurs with Defendant's assertion that diversity jurisdiction is supported by this

---

[1] The transfer of copyright ownership, other than by operation of law, is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed or such owners duly authorized agent. 17 U.S.C.A. § 204(a).

claim. Consequently, an inquiry into complete preemption to support jurisdiction over this matter is unnecessary.

>*/s/ Edward M. Gilgor*
>Georgia Bar No. 294716
>edward.gilgor@gmail.com
>Post Office Box 17505
>Atlanta, GA 30316-0505
>(404) 483-1300
>(404) 920-3433 (Fax)
>*Attorney for Plaintiff*

Pursuant to L.R. 7.1D, I certify that the foregoing was prepared as per the requirements of L.R. 5.1C using Times New Roman (14 point) font.

>*/s/ Edward M. Gilgor*
>Georgia Bar No. 294716
>edward.gilgor@gmail.com
>Post Office Box 17505
>Atlanta, GA 30316-0505
>(404) 483-1300
>(404) 920-3433 (Fax)
>*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DOUGLAS DUANE SOMERSON,  )<br>                               )<br>     Plaintiff,              )<br>                               )          Civil Action<br>v.                             )<br>                               )          File No. 1:12-cv-00043-MHS<br>VINCENT K. McMAHON; LINDA )<br>E. McMAHON; and WORLD         )<br>WRESTLING ENTERTAINMENT,      )<br>INC.,                          )<br>                               )<br>     Defendants.               )<br>_____) | |

## CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2012, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorney of record:

> Otto F. Feil
> ofeil@tfhlegal.com
> Cheralynn M. Gregoire
> cgregoire@tfhlegal.com
> TAYLOR, FEIL, HARPER,
> LUMSDEN & HESS, P.C.
> 3340 Peachtree Road NE, Suite 250
> Atlanta, Georgia 30326
>
> Jerry S. McDevitt

6

        Jerry.mcdevitt@klgates.com
        Curtis B. Krasik
        curtis.krasik@klgates.com
        Christopher M. Verdini
        christopher.verdini@klgates.com
        K&L GATES LLP
        K&L Gates Center
        210 Sixth Avenue
        Pittsburgh, Pennsylvania 15222
        *Attorneys for Defendants*

This 3rd day of August, 2012.

        <u>*/s/ Edward M. Gilgor*</u>
        *Attorney for Plaintiff*