IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DOUGLAS DUANE SOMERSON, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 1:12-cv-00043-MHS |
| | ) | |
| v. | ) | |
| | ) | |
| VINCENT K. McMAHON, LINDA E. | ) | |
| McMAHON, and WORLD | ) | |
| WRESTLING ENTERTAINMENT, | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT
OF THE COURT'S SUBJECT MATTER JURISDICTION**

Defendants World Wrestling Entertainment, Inc., Vincent K. McMahon and

Linda McMahon (collectively, "WWE") respectfully submit this reply brief in

further support of the Court's subject matter jurisdiction pursuant to the Court's

June 26, 2012 Order (Dkt. 11).

**I.     ARGUMENT**

**A.     This Court's Subject Matter Jurisdiction Over This Lawsuit Is
Confirmed By Plaintiff's Filing**

Plaintiff's Response (Dkt. 13) to WWE's supplemental brief in support of

the Court's subject matter jurisdiction confirms this Court's subject matter over

this lawsuit.  Plaintiff represented in his Response that "Mr. Somerson is seeking at least $75,000.00 in damages."  *See* Response at 3.  As the Court noted in its June 26 Order, it may consider such "judicial admissions made by plaintiff, non-sworn letters submitted to the court, or other summary judgment type evidence that may reveal the amount in controversy requirement is satisfied."   June 26 Order at 16 (citations omitted).  Accordingly, Plaintiff's representation regarding the amount in controversy coupled with the complete diversity between the parties satisfies both elements of diversity jurisdiction under 28 U.S.C. § 1332.

Additionally, WWE maintains that this Court has federal question subject matter jurisdiction based on complete preemption under the Copyright Act – a proposition Plaintiff does not dispute.  As described in detail in WWE's supplemental brief, complete preemption occurs when federal law so occupies a given field that a state law claim is transformed into a claim "arising under" federal law to support removal to federal court.  Every Circuit to address the issue – the Second, Fourth, and Sixth Circuits – has concluded that the Copyright Act has such a complete preemptive effect.  There is no contrary authority.

**B.    Plaintiff's Extraneous Statements Regarding WWE's Copyright Ownership Of the Video Recordings At Issue Are Misplaced**

Although completely irrelevant to the issue of the Court's subject matter jurisdiction that was the sole purpose of the supplemental briefing requested

pursuant to the Court's June 26 Order, Plaintiff's filing repeats certain misguided statements from Plaintiff's Response to Defendants' Motions to Dismiss (Dkt. 9) challenging WWE copyright ownership of the video recordings at issue. WWE previously responded to these same arguments in its Reply to Plaintiff's Response to Defendants' Motions to Dismiss (Dkt. 10) at pp. 4-8.

In short, it is well established that where a plaintiff consents to having his performance reduced to a tangible medium of expression, such as an audiovisual work, any state law claims based on nothing more than the reproduction or distribution of that copyrighted work are preempted by the Copyright Act. *See* WWE's Memorandum of Law in Support of Motion to Dismiss at pp. 17-21 (Dkt. 5-1). Proof of copyright ownership is immaterial to the assertion of a copyright preemption defense. *See Laws v. Sony Music Entm't, Inc.*, 294 F. Supp. 2d 1160, 1162 n.1 (C.D. Cal. 2003) ("One need not have an ownership interest in a copyright to assert a preemption defense."), *aff'd*, 448 F.3d 1134 (9th Cir. 2006); *see also Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1154-55 (9th Cir. 2010) ("Whether a claim is preempted under Section 301 does not turn on what rights the alleged infringer possesses, but on whether the rights asserted by the plaintiff are equivalent to any of the exclusive rights within the general scope of the copyright. . . . If a plaintiff asserts a claim that is the equivalent of a claim

for infringement of a copyrightable work, that claim is preempted, regardless of what legal rights the defendant might have acquired.").

Indeed, proof of copyright ownership could not be a requirement to the assertion of copyright preemption because, as the Eleventh Circuit has ruled, copyright preemption equally applies to materials that are "within the subject matter of copyright" but are not entitled to copyright protection (e.g., non-copyrightable facts) and therefore have no copyright owner. *See Lipscher v. LRP Publ'ng, Inc.*, 266 F.3d 1305, 1311 (11th Cir. 2001) (holding that even if the jury verdict summary "publications [at issue] are not copyrightable, they are nevertheless within the subject matter of copyright" in finding the plaintiff's state law claims preempted under Section 301(a)).  Thus, where a state law claim satisfies the two-part test under Section 301(a) of the Copyright Act in that the claim is based on rights that (1) fall within the subject matter of copyright and (2) are equivalent to the exclusive rights of Section 106 of the Copyright Act, as Somerson's claims undeniably do here, the claim is preempted regardless of who owns the copyright in the work(s) at issue.

In light of this clear authority, Plaintiff's statements challenging WWE's copyright ownership in response to WWE's copyright preemption argument are misplaced and should be disregarded.

## II.     CONCLUSION

For all of the foregoing reasons and the reasons set forth in WWE's prior

supplemental brief, this Court has subject matter jurisdiction over this lawsuit.

This 14th day of August, 2012.

Respectfully submitted,

/s/ *Otto F. Feil*
Otto F. Feil
Georgia Bar No. 257288
ofeil@tfhlegal.com
Cheralynn M. Gregoire
Georgia Bar No. 309760
cgregoire@tfhlegal.com
TAYLOR, FEIL, HARPER,
   LUMSDEN & HESS, P.C.
3340 Peachtree Road NE, Suite 250
Atlanta, Georgia  30326
404-214-1200 Phone
404-214-1201 Fax

Of Counsel:

Jerry S. McDevitt
jerry.mcdevitt@klgates.com
Curtis B. Krasik
curtis.krasik@klgates.com
K&L GATES LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA  15222
(412) 355-6500 Phone
(412) 355-6501 Fax
ATTORNEYS FOR DEFENDANTS

I hereby certify that the foregoing **Defendants' Reply Brief in Further Support of the Court's Subject Matter Jurisdiction** was prepared using 14-point Times New Roman font in accordance with L.R. 5.1

*/s/ Cheralynn M. Gregoire*
Otto F. Feil
Georgia Bar No. 257288
ofeil@tfhlegal.com
Cheralynn M. Gregoire
Georgia Bar No. 309760
cgregoire@tfhlegal.com
TAYLOR, FEIL, HARPER,
  LUMSDEN & HESS, P.C.
3340 Peachtree Road NE, Suite 250
Atlanta, Georgia  30326
404-214-1200 Phone
404-214-1201 Fax

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DOUGLAS DUANE SOMERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action |
| v. | ) | |
| | ) | File No. 1:12-cv-00043-MHS |
| VINCENT K. McMAHON; LINDA | ) | |
| E. McMAHON; and WORLD | ) | |
| WRESTLING ENTERTAINMENT, | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this *Defendants' Reply Brief in Further Support of the Court's Subject Matter Jurisdiction* was served this 14th day of August, 2012 via the Court's CM/ECF system on the following:

> Edward Mark Gilgor
> P.O. Box 17505
> Atlanta, GA  30316-0505
> 404.483.1300

> */s/ Cheralynn M. Gregoire*
> Cheralynn M. Gregoire
> Georgia Bar No. 309760
> ATTORNEY FOR DEFENDANTS