IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DOUGLAS DUANE SOMERSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> VINCENT K. McMAHON; LINDA ) <br> E. McMAHON; and WORLD ) <br> WRESTLING ENTERTAINMENT, ) <br> INC., ) <br> ) <br> Defendants. ) <br> _____ ) | Civil Action <br><br> File No. 1:12-cv-00043-MHS |

## **PLAINTIFF DOUGLAS DUANE SOMERSON'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

Defendant World Wrestling Entertainment, Inc. ("WWE") has asked this Court to summarily dismiss Plaintiff Douglas Duane Somerson First Amended Complaint. Defendant's basis for this motion is that Plaintiff is a celebrity, and therefore, anything Defendant wishes to post on its website as part of its marketing efforts is permissible. Plaintiff submits the following Memorandum in Opposition to Defendant's Motion to Dismiss.

# ARGUMENT

## A. Introduction.

Defendant's use of Plaintiff's name on its website in the various fictional narratives that have been created by Defendant or its predecessor entities is done for one purpose: to generate interest in the Defendant's product, which is professional wrestling. In other words, Defendant is using Plaintiff's identity as part of its advertising efforts. Plaintiff submits that use of his identity is outside the ambit of the newsworthiness exception or any other privilege on which Defendant attempts to rely. Therefore, Defendant's Motion should be denied and Plaintiff be allowed to prove his case.

## B. Defendant is Not Reporting on a Newsworthy Event.

To support its position, Defendant relies primarily on three cases, none of which involve a factual pattern remotely similar to this case. <u>Thoroughbred Legends, LLC v. The Walt Disney Co.</u>, No.1:07-CV-1275-BBM, 2008 WL 616253, (N.D. Ga. Feb. 12, 2008), involved a motion picture about a racehorse and the actual events surrounding the horse. As the Eleventh Circuit stated: "[a]lthough the bulk of the cases dismissed for this reason involve contemporaneous news stories, the court finds the principle applicable to Defendants' later production of **a dramatization about past newsworthy events**.

2

The <u>Lucas</u> court noted that dismissal was warranted regardless of whether defendant's purpose in publication was to inform or to entertain. <u>Lucas</u>, 2001 WL 100181, at *2." <u>Id.</u>, *11 (emphasis added).

The subject matter of <u>Lucas v. Fox News Network, LLC</u>, 248 F.3d 1180, 2001 WL 100181, (11th Cir. 2001), was a news story about the Atlanta International Church of Christ led by Esmeralda Lucas that was broadcast by the Fox News Network. In that case the Eleventh Circuit stated that: "[w]hether or not Fox correctly characterized the Church as a 'cult,' **its activities on the campus of a state university are undoubtedly matters of public interest**, whether the purpose of publishing those activities is to inform or entertain." <u>Id.</u>, 2001 WL 100181, at *2. (emphasis added). In other words, the Eleventh Circuit found that a news story about a religious group operating on the grounds of public institution was a matter of public interest and regardless of whether the defendant intended to inform the public or entertain the public, the story itself was newsworthy and thus entitled to protection regardless of defendant's intent in publishing.

<u>Toffoloni v. LFP Publishing Group, LLC,</u> 572 F.3d 1201 (11th Cir. 2009) was a case in which the estate of a female professional wrestler, who had been murdered by her husband, who was also a professional wrestler, sued a magazine which published nude pictures of the female wrestler taken two decades prior to

her murder.  In Toffoloni, the Eleventh Circuit stated that:

> In order to navigate between the competing constitutionally protected rights of privacy and publicity and the rights of freedom of speech and of the press, the Georgia courts have adopted a "newsworthiness" exception to the right of publicity. The Supreme Court of Georgia has held that "**where an incident is a matter of public interest**, or the subject matter of a public investigation, a publication in connection therewith can be a violation of no one's legal right of privacy." *Waters v. Fleetwood,* 212 Ga. 161, 91 S.E.2d 344, 348 (1956).

Id., at 1207 (emphasis added).

The same court further stated that:

> [W]here a publisher may be precluded by the right of publicity from publishing one's image for purely financial gain, as in an advertisement, where the publication is newsworthy, the right of publicity gives way to freedom of the press.

Id., at 1208.

All three cases share certainly commonalities that are palpably absent from the instant case.  First, all three involved matters of public interest, the career of a racehorse, the activities of a religious group operating on state property in a dubious manner, and the murder of a celebrity.  There is no question that each of those matters were newsworthy.  However, no such matter of public interest is present here.  Second, in each of those cases another entity, be it a movie production company, a news broadcasting company, or a magazine were reporting on the afore-mentioned newsworthy event.  None of those defendants were

4

reporting on the activities of its own employees and their associates from a fictionalized narrative developed by the Defendant itself.  Defendant would have this Court create a new "self-reporting" exception that would give carte blanche to any party to generate a narrative and then "report" on it without accountability for the use of the identities of others.  Therefore, Defendant's attempt to portray itself as comparable to any of those three (or for that matter any of the other defendants in the various cases cited by Defendant in its Memorandum) falls flat.   This Court should decline Defendant's invitation to expand the newsworthiness exception to cover this new category of self-reporting.

**C.     Defendant is Using Plaintiff's Identity for Commercial Purposes.**

Defendant is using Plaintiff's name and persona solely to further its own commercial efforts at marketing its product, which is professional wrestling. It is well established in Georgia and elsewhere, that commercial use of a person's identify is actionable when it is done purely for commercial gain. Alonso v. Parfet, 253 Ga. 749, 325 S.E.2d 152, 153 (1985).   In this case, Defendant uses Plaintiff's identity on its website as part of its marketing efforts.  Defendant does not charge for access to its website, nor does it sell advertising space to others on the website.  Unlike any of the other defendants in the plethora of cases cited by Defendant, this Defendant receives no profit from the medium through which it is "reporting."

This is not a minor distinction, but rather a critical difference between actual entities reporting on newsworthy events and those who seek to employ the identities of others as part of a separate commercial effort.  The sole reason Defendant operates the website is to generate interest its business.  Therefore, Defendant's use of Plaintiff's identity can only be for purposes of marketing and/or advertising its product.

In <u>Abdul-Jabbar v. General Motors Corp.</u>, 85 F.3d 407 (9th Cir. 1996), the Ninth Circuit held that a defendant's use of a plaintiff's identity in a commercial did not automatically fall within the newsworthy exception when it was being employed as part of an advertisement. <u>Id.</u> at 416.  That court held that: while plaintiff's professional career "may be said to be 'newsworthy," its use is not automatically privileged."  Therefore, the mere fact that a person was a professional athlete or entertainer, does not give any party license to trade on his identity.

Plaintiff concurs that the <u>Restatement (Third) of Unfair Competition</u> is instructive in this matter.  Comment a. in § 47 states that: The use of a person's identity for the purpose of advertising goods or services marketed by the user is a use "for purposes of trade" under the rule stated in § 46. The interest of a seller in attracting attention to a commercial solicitation is not sufficient to overcome the

personal and economic interests protected by the right of publicity." Acknowledging the exception for newsworthy items, the Restatement, in Comment c. states that: "[t]he use of a person's identity primarily for the purpose of communicating information or expressing ideas is not generally actionable as a violation of the person's right of publicity." But the Restatement tempers that language with the following: "[h]owever, if the name or likeness is used solely to attract attention to a work that is not related to the identified person, the user may be subject to liability for a use of the other's identity in advertising."

Defendant has conceded that in all the nine instances Plaintiff's identify is used on its website, it is done without any connection to an underlying work. Defendant's Memorandum of Law In Support of Motion to Dismiss, Pages 5-7. Rather, Defendant repeatedly uses Plaintiff's identity as part of its marketing campaign on its website. The fact that Defendant uses Plaintiff's identity as part of a fictionalized storyline about the lives of various wrestling personalities in no way changes the fact that the purpose of the entire narrative is to further interest in Defendant's product, which is professional wrestling.

## CONCLUSION

Defendant is attempting to create a new "self-reporting" exception as a

Case 1:12-cv-00043-MHS   Document 22   Filed 10/11/12   Page 8 of 10

defense of its use of Plaintiff's name in its marketing efforts. Plaintiff urges the Court to look past Defendant's attempts to obfuscate this fundamental fact by wrapping itself in the blanket of the First Amendment. This Motion should be denied.

/s/ Edward M. Gilgor
Georgia Bar No. 294716
edward.gilgor@gmail.com
Post Office Box 17505
Atlanta, GA 30316-0505
(404) 483-1300
(404) 920-3433 (Fax)
*Attorney for Plaintiff*

Pursuant to L.R. 7.1D, I certify that the foregoing was prepared as per the requirements of L.R. 5.1C using Times New Roman (14 point) font.

/s/ Edward M. Gilgor
Georgia Bar No. 294716
edward.gilgor@gmail.com
Post Office Box 17505
Atlanta, GA 30316-0505
(404) 483-1300
(404) 920-3433 (Fax)
*Attorney for Plaintiff*
8

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DOUGLAS DUANE SOMERSON,  )<br>                                                       )<br>       Plaintiff,                              )<br>                                                       )<br>v.                                                 )<br>                                                       )<br>VINCENT K. McMAHON; LINDA )<br>E. McMAHON; and WORLD         )<br>WRESTLING ENTERTAINMENT, )<br>INC.,                                             )<br>                                                       )<br>       Defendants.                        )<br>_____ ) | Civil Action<br><br>File No. 1:12-cv-00043-MHS |

**CERTIFICATE OF SERVICE**

I hereby certify that on October 11, 2012, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorney of record:

>Otto F. Feil
>ofeil@tfhlegal.com
>Cheralynn M. Gregoire
>cgregoire@tfhlegal.com
>TAYLOR, FEIL, HARPER,
>LUMSDEN & HESS, P.C.
>3340 Peachtree Road NE, Suite 250
>Atlanta, Georgia 30326
>
>Jerry S. McDevitt

        Jerry.mcdevitt@klgates.com
        Curtis B. Krasik
        curtis.krasik@klgates.com
        Christopher M. Verdini
        christopher.verdini@klgates.com
        K&L GATES LLP
        K&L Gates Center
        210 Sixth Avenue
        Pittsburgh, Pennsylvania 15222
        *Attorneys for Defendants*

This 11th day of October, 2012.

        */s/ Edward M. Gilgor*
        *Attorney for Plaintiff*