IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DOUGLAS DUANE SOMERSON, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 1:12-cv-00043-MHS |
| ) | |
| v. ) | |
| ) | |
| WORLD WRESTLING ) | |
| ENTERTAINMENT, INC., ) | |
| ) | |
| Defendant. ) | |

**REPLY TO PLAINTIFF'S RESPONSE TO
MOTION TO DISMISS FIRST AMENDED COMPLAINT BY
DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC.**

Defendant World Wrestling Entertainment, Inc. ("WWE") respectfully submits this reply to Plaintiff Douglas Duane Somerson's Response (the "Response") to Defendant's Motion to Dismiss Plaintiff's First Amended Complaint.

### I.   ARGUMENT

Somerson's Response demonstrates that this lawsuit is in full retreat; the Court should now end it entirely. The lawsuit began on the (erroneous) premise that WWE was unlawfully selling DVDs, video recordings, books, dolls and other commercial products that use Somerson's name and likeness in alleged violation of

his right of publicity. Pursuant to the Court's August 24, 2012 Order (the "8/24/12 Order," Doc. 15), among other things, this Court dismissed with prejudice all of Somerson's right of publicity claims as they relate to DVDs and video recordings because they are preempted by copyright law. The 8/24/12 Order further directed Somerson to file an amended complaint "specifying the ***other merchandise*** which contains his name and likeness on which he bases his claims for a violation of his right to publicity and invasion of privacy [collectively, "rights of publicity]." Doc. 15, p. 35 (emphasis added).

Somerson's Response confirms that there is no such "other merchandise." Rather, Somerson now concedes that this lawsuit is based solely on a handful of textual references to Somerson's name in the context of historical information about the American Wrestling Association ("AWA") and AWA wrestlers on various pages of WWE's internet website. WWE filed the website pages at issue with its Memorandum of Law in Support of Motion to Dismiss ("Opening Brief"). In accordance with the Court's obligation to subject Somerson's claims to more exacting scrutiny early in the proceedings because the mere pendency of such claims would have a chilling effect upon the exercise of First Amendment rights, *see* Opening Brief at 9-10, WWE believes that the Court's review of these website pages dispositively establishes the legal, indeed Constitutional, defects of this

lawsuit.

Additionally, WWE is constrained briefly to respond to certain particularly flawed assertions in Somerson's Response.

***First***, Somerson asserts that WWE "relies primarily on three cases [*Toffoloni v. LFP Publ'g Group, LLC*, 572 F.3d 1201, 1207 (11th Cir. 2009), *Lucas v. Fox News Network, LLC*, 248 F.3d 1180, 2001 WL 100181, at *2 (11th Cir. 2001), *Thoroughbred Legends, LLC v. Walt Disney Co.,* No. 1:07-CV-1275-BBM, 2008 WL 616253, at *10 (N.D. Ga. Feb. 12, 2008], none of which involve a factual pattern remotely similar to this case." *See* Response at 2. Somerson is wrong. The foregoing Eleventh Circuit and Northern District of Georgia opinions cited in WWE's Opening Brief embody the well-settled First Amendment principle that mere mention of a person's name for the purpose of communicating information or expressing ideas does not trigger the right of publicity. *See* Opening Brief at 12-15. Indeed, Somerson completely ignores the legion cases cited in WWE's Opening Brief holding that the publication of historical facts regarding the accomplishments of athletes or entertainers, including, for example, Major League Baseball's use of former-players' names, historical information, and factual data ***on its web site***, is protected by the First Amendment and does not violate the right of publicity. *Id.* (citing *Gionfriddo v. Major League Baseball*, 94 Cal. App. 4th

400, 410-11 (2001)). This law is squarely applicable here and forecloses Somerson's remaining right of publicity claims as a matter of law.

***Second***, unable to dispute the governing law on the freedom of expression under the U.S. and Georgia Constitutions discussed in WWE's Opening Brief, Somerson attempts to circumvent the "newsworthiness" exception to the right of publicity by asserting that "no such matter of public interest is present here." This assertion, however, is belied by Somerson's allegations, and thus admissions, in his Amended Complaint that he "was a highly successful professional wrestler and entertainer" and "the persona of 'Pretty Boy' Doug Somers is known and loved worldwide by Professional Wrestling fans." *See* Amended Complaint ¶¶ 4, 11. Somerson cannot blithely disclaim the judicial admissions of his Amended Complaint in a last-ditch attempt to salvage his lawsuit. In any event, the law is clear that public interest attaches to the accomplishments and activities of, among others, actors, entertainers, and professional athletes. *See* Opening Brief at 11-12. Thus, the handful of textual references on WWE's website to Somerson's wrestling career in relation to information about the AWA undoubtedly is protected speech under the freedom of expression.

***Third,*** Somerson asserts that WWE "is using Plaintiff's name and persona solely to further its own commercial efforts at marketing its product, which is

professional wrestling. Defendant uses Plaintiff's identity on its website as part of its marketing efforts." *See* Response at 5. These assertions are made up out of whole cloth. A cursory review of the website pages filed with WWE's Opening Brief demonstrates that they obviously are not part of any advertisement that suggests false endorsement by Somerson of WWE goods or services – and no such claim is asserted – to which the Ninth Circuit's decision in *Abdul-Jabbar v. General Motors Corp.*, 85 F.3d 407 (9th Cir. 1996) or the exception to *Restatement (Third) of Unfair Competition* §47, comment c, would apply. On the contrary, the nine references to Somerson's name at issue simply communicate truthful information regarding Somerson's career in AWA – information that is depicted in copyrighted works owned by WWE. Such truthful descriptions of historical facts in the context of narratives of notable performers and events are quintessentially protected speech regardless of the alleged purpose of WWE's website. As this Court has recognized, "[t]he fact that the publisher or other user seeks or is successful in obtaining a commercial advantage from an otherwise permitted use of another's identity does not render the appropriation actionable." *Thoroughbred Legends*, 2008 WL 616253, at *12 (quoting *Restatement (Third) of Unfair Competition* § 47, cmt. c).

## II.     CONCLUSION

For all of the foregoing reasons and the reasons set forth in WWE's Opening Brief, Somerson's First Amended Complaint should be dismissed in its entirety with prejudice.

This 15th day of October, 2012.

>Respectfully submitted,
>
>/s/ Otto F. Feil
>Otto F. Feil
>Georgia Bar No. 257288
>ofeil@tfhlegal.com
>Cheralynn M. Gregoire
>Georgia Bar No. 309760
>cgregoire@tfhlegal.com
>TAYLOR, FEIL, HARPER,
>  LUMSDEN & HESS, P.C.
>3340 Peachtree Road NE, Suite 250
>Atlanta, Georgia  30326
>404-214-1200 Phone
>404-214-1201 Fax
>
>Of Counsel:
>
>Jerry S. McDevitt
>jerry.mcdevitt@klgates.com
>Curtis B. Krasik
>curtis.krasik@klgates.com
>K&L GATES LLP
>K&L Gates Center
>210 Sixth Avenue
>Pittsburgh, PA  15222
>(412) 355-6500 Phone

(412) 355-6501 Fax

ATTORNEYS FOR DEFENDANT
WORLD WRESTLING
ENTERTAINMENT, INC.

I hereby certify that the foregoing ***Reply to Plaintiff's Response to Motion to Dismiss First Amended Complaint*** was prepared using 14-point Times New Roman font in accordance with L.R. 5.1.

/s/ Otto F. Feil
Otto F. Feil
Georgia Bar No. 257288
ofeil@tfhlegal.com
Cheralynn M. Gregoire
Georgia Bar No. 309760
cgregoire@tfhlegal.com
TAYLOR, FEIL, HARPER,
  LUMSDEN & HESS, P.C.
3340 Peachtree Road NE, Suite 250
Atlanta, Georgia  30326
404-214-1200 Phone
404-214-1201 Fax

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| DOUGLAS DUANE SOMERSON, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 1:12-cv-00043-MHS |
| | ) | |
| v. | ) | |
| | ) | |
| WORLD WRESTLING ENTERTAINMENT, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this ***Reply to Plaintiff's Response to Motion to Dismiss First Amended Complaint*** was served this 15th day of October, 2012 via the Court's CM/ECF system on the following:

>Edward Mark Gilgor
>P.O. Box 17505
>Atlanta, GA  30316-0505

This 15th day of October, 2012.

>/s/ Otto F. Feil
>Georgia Bar No. 257288